ALAFARE MURRAY v. CHAS. D. MURRAY.

(Case No. 5659.)

1. DIVORCE—EVIDENCE—See opinion for character and description of evidence held not "full and satisfactory" to the extent that it warranted a decree of divorce.
2 FACT KNOWN BY THE COURT.—EFFECT—See opinion for fact within the knowledge of the court which necessarily threw discredit upon a witness, and yet, under the circumstances, furnished no ground for reversal.

APPEAL from Wilson. Tried below before the Hon. George McCormick.

This was a suit for divorce, brought by appellant. The trial resulted in a judgment for defendant. The facts appear in the opinion of the court.

A. J. Williams. for appellant, cited: R. S., 2861; Bishop on Marriage and Divorce, 554; Sharman v. Sharman, 18 Tex., 525; Nogees v. Nogees, 7 Tex., 546; Taylor v. Taylor, 18 Tex., 577; Scott v. Scott, 61 Tex., 119; Jernigan v. Jernigan, 37 Tex., 420; Tiemann v. Tiemann, 34 Tex., 523.

No briefs on file for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The proof of the facts alleged in the petition would have entitled the plaintiff to a decree of divorce. The case was tried without a jury. The district judge, in the judgment, states his opinion that the evidence did not sustain the allegations. The statute requires that the decree shall proceed upon full and satisfactory evidence. The only testimony offered in support of the plaintiff's case was that of the plaintiff's mother. Some of her statements are mere generalization. She was evidently unfriendly to the defendant, and eager in her daughter's cause to a degree not satisfactorily accounted for by the relationship. She states: "I have heard the plaintiff's petition herein read. The allegation of facts set forth therein are true within my knowledge." Some of the facts pleaded she could not possibly have known. Her testimony did not constitute "full and satisfactory evidence" in the opinion of the district judge, who saw and heard the witness, and the record here shows no error in that conclusion.

In the findings, the judge states that he knew that the plaintiff had been indicted for adultery. This knowledge would necessarily disturb the credit which the testimony of the plaintiff's mother might otherwise have obtained. The indictment was not considered by the court as a defence to the suit; the fact that the judge trying the case knew of the indictment is merely made to appear in the record. The effect of that knowledge upon the action of his mind on the testimony he could not, if he wished, have prevented. Whether, possessing the knowledge, he kept it to himself or disclosed it in the record, the judgment must have been the same.

As the indictment was presented in April, and the trial in the following December, the plaintiff must have known of the prosecution, and that the judge also knew of it. The situation admonished her, as much as if the judge had caused the paper to be produced at the trial, of the occasion for full proof. If the indictment had been produced and improperly admitted in evidence, as the testimony offered by the plaintiff was not full or satisfactory, the error would have been immaterial.

The judgment entered is the only one warranted by the record, and it must, therefore, be affirmed.

AFFIRMED.

[Opinion delivered May 11, 1886.]