THE NEW ORLEANS INSURANCE ASSOCIATION v. GRIFFIN & SHOOK.

(Case No. 5512.)

1. CONTRACTS OF INSURANCE—CONDITIONS—A condition in a policy of insurance requiring notice of any other insurance afterward taken upon the same property, may not be complied with by notice of an *intention* to obtain other insurance. (Authorities cited.)

2. SAME—A condition that no other insurance shall be obtained on the same property without the consent of the former company is satisfied by notice of an *intention* to take other insurance, consented to by the former company; and verbal consent by the agent of the company, with knowledge that it will be acted upon, is a waiver of the requirement that the consent of the company shall be expressed in writing upon the policy. (Authorities cited.)

3. SAME—VALIDITY—A provision that no additional insurance upon the same property shall be obtained without the consent of the former company is reasonable and proper; and the requirement that such consent shall be expressed in writing on the policy is valid. But that requirement may be waived. Proof of a verbal consent, and of any facts which would make it unfair to the assured for the company to claim that the verbal consent was not sufficient, is a substitute for the endorsement.

4. SAME—VERBAL CONSENT—WAIVER—See opinion for facts held insufficient to constitute a verbal consent by the company that other insurance upon the same property might be obtained; and for facts held insufficient to charge the company with having waived the requirement that such consent should be expressed in writing on the policy.

APPEAL from McLennan.        Tried below before the Hon. B. W. Rimes.

This was an action upon a contract of insurance. The petition alleged that, on November 16, 1881, Griffin & Shook effected a policy of insurance in the New Orleans Insurance Association for $1,000 on their stock of merchandise in Aquilla, Hill county, Texas; that, on December 19, 1881, the store and contents were destroyed by fire ; that the plaintiffs gave notice of the fire and furnished proof of their loss. The pleas chiefly relied on in the defendant's answer were (1) false representation by the plaintiffs as to the amount of insurance on their stock when they procured the policy in the defendant company; (2) failure to notify defendant of subsequent policies of insurance taken out on the same stock insured by defendant, which additional policies were never permitted or consented to by defendant.

Wallace Reviere acted for plaintiffs in obtaining the policy from defendant, and this suit was brought for the use of J. M. Reviere and McIlhenny & Co.    It was admitted that, when the policy in suit was effected, the plaintiffs had insurance on their goods to the extent of $1,000, and that defendant's agent knew of this.    On November 14, 1881, plaintiffs effected a policy of insurance for $1,000 in the Crescent

Insurance Company, but they had not received that policy when the one in suit was effected.    The case was submitted to the court, and a judgment rendered for plaintiffs.

*Jenkins & Jenkins,* for appellant, cited: Insurance Company *v.* Hurd, 37 Mich., 11; Insurance Company *v.* Fay, 22 Mich., 467; Kimball *v.* Insurance Company, 8 Gray, 33; Wood on Insurance, sec. 377.

*Jennings & Baker* and *Herring & Kelly,* for appellees, cited: Insurance Company *v.* Griffin & Shook, 59 Tex., 510; Benjamin *v.* Insurance Company, 17 N. Y., 415; Benedict *v.* Insurance Company, 31 N. Y., 389; McMahan *v.* Insurance Company, 22 N. H., 15; Insurance Company *v.* Taylor, 73 Penn., 342; Howitz *v.* Insurance Company, 40 Mo., 557; Sansum's Digest of Insurance, secs. 3, 5, 24, 25, 36, 42, 55, 67; May on Insurance, sec. 370; Webster *v.* Insurance Company, 36 Wis. 67.

ROBERTSON, ASSOCIATE JUSTICE.—A condition in a policy of insurance requiring notice of any other insurance afterward taken upon the same property, is to enable the company to exercise its option to continue or cancel its contract.    Such condition may not be complied with by notice of an *intention* to obtain other insurance, because such notice does not give it the opportunity contracted for. Healey *v.* Insurance Company, 5 Nev., 268; Kimball *v.* Insurance Company, 8 Gray, 33.

But a condition that other insurance shall not be obtained without the consent of the company is better fulfilled by obtaining the consent before than after the contract for additional insurance.    Such a condition is satisfied by notice of an *intention* to take other insurance consented to by the agent of the company.    Carrugi *v.* Insurance Company, 40 Ga., 135.

Verbal consent by the agent, with knowledge that it will be acted upon, is a waiver of the requirement that the consent shall be expressed in writing upon the policy.    *Id.,* and Crescent Insurance *v.* Griffin & Shook, 59 Tex., 510.

The condition in the policy in suit is of the character last described.

If the plaintiffs gave Harrison notice of their intention to obtain other insurance, and he consented, with knowledge or notice of their purpose to act upon the verbal consent, the condition relied upon by the defendant will not avail it.

Whether the policy issued by the Crescent was prior or subsequent to the one in suit, or contemporaneous with it, need not be considered.    30 Md., 109.

The last policy obtained by the plaintiffs issued by British American Assurance Company, December 1, 1881, was other insurance obtained after the contract with defendant, which avoided that contract by its terms, unless (interpreting the condition) the defendant's agent consented to such other insurance and waived the written indorsement.

Did the agent consent to the contract with the British Company? It was not necessary for him to be advised of the *name* of the company. Benjamin *v.* Insurance Company, 17 N. Y., 414.

If he assented to any insurance to be afterward obtained, the substance of the condition is fulfilled. No more insurance in all was obtained than the sum mentioned in both interviews with Harrison. That the property to be insured was that covered by the defendant's policy, is sufficiently certain. If he consented at all, it covered the British Company's policy. No express consent was given. If there was any, it is to be inferred from what was said in two conversations. In both these conversations, the plaintiffs stated that they intended to take out additional insurance when able. In both, the agent expressed his desire to write the policies.

It is plain that it Reverie and Griffin knew the condition of the policy, each knew that he had not received the prescribed consent, and the plaintiffs knew that in obtaining the additional insurance they were violating the contract. To give effect to the contract on this hypothesis would annul the condition. The requirement of consent to other insurance is not arbitrary, but reasonable and proper. Through it the company reserves the right to determine how much of the risk shall be carried by the assured; the public, as well as the assurer, is interested in preventing a situation in which a fire would be profitable to the assured. Carpenter *v.* Insurance Company, 16 Pet., 510.

The provision that the consent shall be indorsed in writing upon the policy is valid. Unless this is waived, the verbal consent is not sufficient. The substance of the clause is the consent—the indorsement will be dispensed with on proof of any facts which would make it unfair to the assured for the company to claim that the verbal consent was not sufficient. In this case, if the plaintiffs understood the condition, there was absolutely no proof of any fact justifying them in believing that any part of it would not be insisted upon.

If the plaintiffs intended that Reverie should obtain the consent for them, the policy informed them a few days afterward that he had failed to do so. If Griffin intended in his subsequent interview to comply with the condition, if what was said was sufficient to justify the belief that the agent consented to the additional insurance, there was nothing to persuade him that the indorsement was waived. The

agent did not then have the policy—the plaintiffs could not therefore assume a waiver from a failure to make the indorsement.

If all the parties knew and understood the condition, the plaintiffs could not fairly believe that its terms were either complied with or waived by what occurred at either of the proved interviews. The fact is that the majority of men contracting for insurance know little of the contents of the policy, until a clause, in fine print, is presented as a defence in adjusting the loss. The agent, however, is generally familiar with all the conditions of the contract. For this reason, the agent, upon the commonest principles of honesty, encouraged and enforced by the courts as universally as practicable, is required to do what the policy prescribes shall be done to preserve the contract, when notified of the facts.

It is highly probable, from what was said by Reverie and Griffin, that neither was acquainted with the condition in the policy requiring written consent to other insurance, and that it was not the purpose of either, in what was stated, to comply with any such condition. Nevertheless, if the agent was advised by either of them of the purpose of the plaintiffs to obtain other insurance, it was his duty to consent and make the desired indorsement, or to signify his dissent. This would certainly be the case, if he knew, or from what was stated, might reasonably have inferred, that the plaintiffs did not know that their contemplated action would vitiate the policy. "* * If the agent be, in fact, informed, and do, in fact, consent, and the insured, relying on that consent, do, in good faith, pay out his money, it does not make the policy void." Carrugi *v.* Insurance Company, *supra.* "* * * * It would but be the perpetration of a fraud to permit the company to take advantage of its own wrong, and escape liability, because its agent has failed to do his duty to the insured." *Id.*

What occurs must be sufficient to make it unfair for the company to insist upon the defence. It would be unfair if the agent has not done his duty. It was the duty of the agent to consent and make the indorsement, or to refuse to do so, if he was informed of the plaintiff's purpose. But what was said to him cannot be held to have given him the information. The purpose, as stated, if it could be called a purpose, was uncertain in time, and conditioned upon a situation which might never arise.

The utmost that could fairly be derived from the agent's remark was that he was *then* willing that the additional insurance should be written, or that he would—not *does*—consent when and if the given situation comes about. What was said to him imposed upon him no obligation to consent or refuse, and what he said can be construed neither as

a consent nor as a waiver of any condition in the policy. He was not advised, and had no reason to believe, that what transpired in either interview would be accepted or acted upon as a consent. Insurance Company v. Hurd, 37 Mich., 11. He was never informed of the fact that the additional insurance had been obtained, and knew nothing of it until after the fire. He did not mislead or impose upon the plaintiffs in any way, and for the loss of this much of their supposed indemnity, they can find the only cause in their own willful or negligent disregard of the terms of their contract.

The facts relied upon to show consent to the additional insurance, and a waiver of the indorsement, are proved by the witnesses upon both sides, without any disagreement between them as to those considered in this opinion, and all are considered that are urged in support of the judgment of the district court. The conclusion of the court below upon these facts cannot be sustained, and the judgment must be reversed, and, as it is apparent that the plaintiffs' case was fully developed and cannot on another trial be improved, it is here adjudged that the plaintiffs take nothing by their suit, and that appellant go hence without day and recover the costs of both courts.

It is so ordered.

REVERSED AND RENDERED.

[Opinion delivered May 11, 1886.]