WESTCHESTER FIRE INSURANCE COMPANY v. H. L. STORM.

No. 614.

**Insurance Contract—Case in Judgment.**—Suit upon insurance policy for furniture destroyed by fire. The policy contained a condition that it should be void if the insured has or shall procure any other contract of insurance on the property, in whole or in part, unless with consent of the company endorsed upon the policy. A policy for furniture in the same house. with very similar description, had been procured and was existing. The plaintiff sought to avoid the condition by showing that since the date of the first policy he had placed other furniture in the dwelling, and that the policy declared upon was upon this furniture. It appeared that the valuation. etc., made was upon the furniture in bulk in the house. *Held*:

1. The condition was just and reasonable.
2. It was sufficient to avoid the policy if part of the furniture was covered by the two policies.

3. Parol evidence was admissible to show, if possible, the absence of identity of the goods covered by the two policies.

4. The facts showing the policies covered the same, or part of it, the policy is void under its conditions.

APPEAL from McLennan. Tried below before Hon. L. W. GOODRICH.

*S. L. Samuels*, for appellant, cited: Ins. Assn. v. Griffin & Shook, 66 Texas, 232; 7 Am. and Eng. Encycl. of Law, 1012; 1 Wood on Ins., 111, 112; Cummins v. Ins. Co., 55 N. H., 457; Barnes v. Ins. Co., 51 Me., 110; Gottsman v. Ins. Co., 56 Pa. St., 419; Bowman v. Ins. Co., 40 Mo., 620; McGowan v. Ins. Co., 54 Vt., 211; Loomis v. Ins. Co., 8 Law. Rep. Ann., 834.

*W. M. Flournoy* and *H. C. Lindsey*, for appellee, cited: Ins. and Banking Co. v. Lewis, 48 Texas, 622; Banking and Ins. Co. v. Stone, 49 Texas, 4; Am. and Eng. Encycl. of Law, 1004; May on Ins., secs. 175, 176, 277; 10 Cush., 587.

COLLARD, ASSOCIATE JUSTICE. — Suit by H. L. Storm, the appellee, against the appellant fire insurance company, to recover $800 upon a policy issued by the company to him on November 11, 1890, upon his dwelling house and contents, the same having been destroyed by fire November 23, 1890.

The policy contained a condition that it should be void, unless otherwise provided by the agreement endorsed thereon or added thereto, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy.

Defendant set up a violation of this condition of the policy by plaintiff, alleging, that at the time of the issuance of the policy plaintiff had two other policies of insurance in other companies; one on the dwelling house, in the North British and Mercantile Insurance Company, for $400, and another on the household and kitchen furniture, in the Southern California Insurance Company, for $400, which policies were not agreed or consented to by defendant.

The property was destroyed by fire November 23, 1890, when the policies were in force, all of them running for one year.

The court below, trying the case without a jury, holding that the policy sued on was void as to insurance on the dwelling because of a violation of the foregoing condition, but not void as to the household and kitchen furniture, gave judgment for plaintiff for the $400 on the latter. Defendant appealed, and contends that the policy was void in toto, the condition as to other policies having been violated by plaintiff both as to the house and its contents.

The only question is as to the validity of the policy upon the household furniture. It described the personalty insured as follows: "Four hundred dollars on household and kitchen furniture, useful and ornamental, beds, bedding, linen, carpets, family wearing apparel, trunks, satchels, printed books and music, musical instruments, sewing machines, pictures, paintings, engravings and their frames at not exceeding cost, plate and plated ware, mirrors, china, glass, and crockeryware, fuel, family stores and supplies, all contained and while contained in above described dwelling house."

The personalty was insured May 7, 1890, as alleged by defendant, in the Southern California Insurance Company, for $400, and is described in the policy as follows: "Four hundred dollars on household furniture, useful and ornamental, including pictures, paintings, engravings, and their frames (in case of loss not to be valued at exceeding cost), beds, bedding, linen, wearing apparel, plates, plated ware, printed books and family stories, crockery, glass, and chinaware, kitchen utensils, watches and jewelry in use, one piano forte, one organ, one sewing machine, and fuel, while contained in one-story frame·shingle roof building, occupied by assured as a dwelling, situate number 414, on the —— side of South Eleventh Street, Waco, Texas."

There was no other description in the policies of the household goods. They were in the same house—the dwelling house of plaintiff. Defendant did not consent to nor have any notice of the insurance of May 7, 1890, nor was there any waiver of its rights, constructive or otherwise.

One J. D. Morrow was defendant's agent, and procured the contract with plaintiff. He went to the house and carefully examined the contents of the two front rooms, and looked into the kitchen, and, so far as he knew, the contents and furniture were worth about $750. He then issued the policy. He says the policy covered the house and all the property in it belonging to plaintiff comprised within the description in the policy. He had in mind no particular articles, but all of Storm's property contained in the house. Storm did not tell him of any particular property to be insured, and no schedule of property to be insured was made out by Storm. He did not know of the other policies on the house or the furniture.

Plaintiff moved from Tyler to Waco in January, 1890, and put in the house certain furniture, beds, bedding, wearing apparel, crockery, and other articles for family and domestic use, he says, of the value of $647, and on May 7 all this property in the house at that time was insured for one year (a schedule of which was in evidence). Afterwards, in July, 1890, he moved the balance of his household and domestic property, consisting of furniture, beds, bed clothing, etc., from Tyler to Waco, and placed it in the house; also some new articles of furniture which he had bought. This additional amount of property, he says, was worth $750. On November 11, 1890, he insured in defendant's company, receiving

the policy sued on. He intended to insure (besides the house) only the personal property placed in the house after July, 1890, and, he says, "this was the property particularly examined by the agent referred to before." At the time of the issuance of defendant's policy and at the time of the fire, the property insured by both policies was in the house. He testified that he, on December 30, 1890, sent to defendant proofs of loss.

Appellee contends that the two policies did not cover the same property; and the court below adopted this view from the testimony.

*Opinion.*—In our opinion, the policy of defendant covered much, if not all, of the personal effects insured in the policy previously issued, and if that policy had not been issued, could have been enforced for its loss. The description in both policies is very similar. By the terms of the defendant's policy, if *any* of the property insured had been previously insured, it was to be void.

This condition was just and reasonable. 7 Am. and Eng. Encycl. of Law, 1012.

In order that the provision in the policy before us should be binding, it is not necessary that the property in both policies should be wholly identical. It was the same in part at least, and this was sufficient to avoid the policy. Mussay v. Ins. Co., 14 N. Y., 79.

. It has been held, that where the property is separately insured in two different stores, and then commingled in one, it is not double insurance. Vase v. Ins. Co., 39 Bush, 302. But if this is true, it does not apply to the facts of this case.

It has also been held, that parol evidence may be admissible to show that the property, though apparently identical in the two policies, is not in fact identical. May on Ins., sec. 367; Clark v. Ins. Co., 9 Gray, 148; Storer v. Ins. Co., 45 Me., 175.

The evidence in this case, however, does not show that the property described in both policies was not the same. Plaintiff may have so intended, but there is no pretense that defendant or its agent so intended, knew of the other policy, or had knowledge of any fact that would limit its policy to the property placed in the house after July, 1890. The minds of the parties did not meet upon this matter, and there was no contract concerning it. Plaintiff can not complain. He should have informed defendant of the other policy, what it covered, and what property he was at the time having insured.

We think the facts show a double insurance of the same property, and that the policy was void.

. The following authorities are added to those cited above: May on Ins., secs. 364, 367; Ins. Co. v. Griffin & Shook, 66 Texas, 232; Ins. Co.

v. Schettler, 38 Ill., 166; Ins. Co. v. Haynes, 17 Ohio St., 432; 7 Am. and Eng. Encycl. of Law, 1013–1015.

The judgment of the court below should be reversed and judgment here rendered for appellant, and it is so ordered.

*Reversed and rendered.*

Delivered February 28, 1894.