MECHANICS' & TRADERS' INS. CO. v.
DALTON. (No. 5497.)*

(Court of Civil Appeals of Texas. Austin. Oct.
19, 1916. Rehearing Denied Nov. 29, 1916.)

1. INSURANCE ☞668(15)—ACTION ON POLICY
—PEREMPTORY INSTRUCTION.
In an action on a policy of fire insurance,
the court did not err in refusing a peremptory
instruction for defendant ignoring the issues
of waiver and estoppel.
[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1743, 1748, 1767, 1770; Dec.
Dig. ☞668(15).]

2. INSURANCE ☞668(15)—ACTIONS ON POLICY
—PEREMPTORY INSTRUCTION.
In such action the court did not err in re-
fusing a peremptory instruction for defendant
assuming, as a matter of law, that the evidence
was not sufficient to raise issues of waiver and
estoppel.
[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1743, 1748, 1767, 1770; Dec. Dig.
☞668(15).]

3. INSURANCE ☞372 — FIRE INSURANCE —
CONCURRENT INSURANCE.
The taking of additional insurance with-
out permission being indorsed on a policy, as re-
quired by a provision thereof, does not avoid the
policy, if the insurer consents thereto.
[Ed. Note.—For other cases, see Insurance,
Cent. Dg. § 941; Dec. Dig. ☞372.]

4. INSURANCE ☞336(1)—CONCURRENT INSUR-
ANCE—AVOIDANCE OF POLICY.
A clause in an insurance policy forbidding
concurrent insurance in excess of the amount
allowed is a promissory warranty, the breach
of which, in the absence of waiver or estoppel,
will avoid the policy.
[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 856; Dec. Dig. ☞336(1).]

5. INSURANCE ☞372 — CONCURRENT INSUR-
ANCE—CONSENT OF INSURER—WAIVER.
The provision of a policy that the insurer's
written consent for insurance in excess of the
amount of concurrent insurance stipulated there-
in must be indorsed on or attached to such pol-
icy may be waived by a duly authorized agent
of the insurer.
[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 941; Dec. Dig. ☞372.]

6. APPEAL AND ERROR ☞934(2) — PRESUMP-
TION—FINDINGS.
In an action on a policy of fire insurance,
defended on the ground of concurrent insurance
not indorsed on the policy as required thereby,
where the issues of waiver and estoppel were
pleaded, but no request was made for their sub-
mission to the jury, it must be presumed, in
support of the judgment for plaintiff, that the
court found such issues in his favor, if there
was sufficient evidence to support the same.
[Ed. Note.—For other cases, see Appeal and
Error, Century Dig. § 3777; Decennial Dig.
☞934(2).]

7. INSURANCE ☞665(8) — SUFFICIENCY OF
EVIDENCE—WAIVER AND ESTOPPEL.
In such action facts found by the jury, and
the evidence also, held sufficient to sustain find-
ings for plaintiff on the issues of waiver and es-
toppel as against the defense of concurrent in-
surance without insurer's indorsement on pol-
icy.
[Ed. Note.—For other cases, see Insurance,
Cent. Dig. § 1725; Dec. Dig. ☞665(8).]

8. INSURANCE ☞664—ACTION ON POLICY—
WAIVER—EVIDENCE.
In an action on a fire insurance policy,
defended on the ground of concurrent insur-
ance not indorsed on the policy, as required
thereby, evidence as to the opinion given by the
insurer's employé in charge as to the property
being a coinsurance risk was material as show-
ing that the employé in fact waived the writ-
ten notice as to an additional insurance.
[Ed. Note.—For other cases, see Insurance,
Cent. Dig. §§ 1555, 1687, 1688, 1699; Dec. Dig.
☞664.]

Error from District Court, McLennan Coun-
ty; Tom L. McCullough, Judge.

Action by Crate Dalton against the Me-
chanics' & Traders' Insurance Company.
Judgment for plaintiff, and defendant brings
error. Affirmed.

Wm. Thompson, of Dallas, and Jno. S. Pat-
terson, of Austin, for plaintiff in error. Wil-
liams & Williams and Witt & Saunders, all
of Waco, for defendant in error.

Findings of Fact.

JENKINS, J. On May 17, 1912, the plain-
tiff in error issued to Otto Stalley and others,
the then owners, the policy herein sued on
for $5,000 on a building which had previous-
ly been used as a dormitory for the Texas
Christian University, in Waco, Tex., describ-
ing the same as a dwelling. The main Uni-
versity building had been destroyed by fire,
and the University had been moved to Ft.
Worth, Tex. The policy contained a concur-
rent insurance clause for $15,000, and pro-
vided that any insurance in excess of that
amount, without the written consent of the
insurer indorsed thereon, should render the
same void. Including said policy, there was
at the time of its issuance insurance on said
building to the amount of $15,000. This poli-
cy was issued by Hays Bros., agents of the
plaintiff in error. The building had previous-
ly been insured for $25,000, a large part of
which had been issued by Hays Bros. Miss
Johnson was an employé of Hays Bros., and
had charge of the insurance department of
their business. The property was sold to
defendant in error and the policies thereon
properly transferred to him July 26, 1912.

On September —, 1912, defendant in error
secured from Hays Bros. a 60-day permit to
make improvements on said property; the
purpose being to use it as a sanitarium. Im-
provements were in progress on said building
at the time of its destruction by fire, Novem-
ber 11, 1912. On September 17, 1912, the
defendant in error took out a policy on said
building for $5,000 in the Firemen's Fund
Insurance Company through Friedlander &
Leudde, insurance agents in Waco. Permis-
sion to take out this insurance was not in-
dorsed in writing on the policy sued on,
but Miss Johnson was notified by defendant
in error of his intention to take out said
policy, and also by Friedlander & Leudde,
and was afterwards notified that it had been

issued and did not object. Payment of the policy herein sued on is not resisted on account of the issuance of this policy, but on account of subsequent insurance, as follows: On November 6, 1912, the defendant in error procured, through Friedlander & Leudde, two policies on said building for $2,500 each. Permission to take out these policies was not indorsed on the policy herein sued on, and payment of said policy is resisted on account of the issuance of said policies.

The case was submitted on special issues, and the jury found thereon as follows:

"(1) Did Hays Bros., the local agents of the defendant, have authority under the rules and regulations of the state insurance board, and C. B. Roulet, to attach to this policy form No. 7¼, designated in plaintiff's pleading a 'rider,' and make it a part of said policy, thereby limiting the amount of concurrent insurance on said property to $15,000? Answer: No.

"(2) Did Crate Dalton have and hold with Miss Johnson a conversation at or in the office of Hays Bros. between the 10th day of September and the 17th day of September in which he mentioned to her that he intended taking out additional insurance, as testified by him upon the trial of this case? Answer: Yes.

"(3) Did Crate Dalton have and hold a conversation with Miss Johnson at or in Hays Bros. office from the 17th day of September to the 1st day of November, in which he informed Miss Johnson that he had taken a policy of insurance in the Firemen's Fund, and intended to take out additional insurance as testified to by him upon the trial of this case? Answer: Yes.

"(4) Did Crate Dalton have and hold a conversation with Miss Johnson at or in Hays Bros. office at any time from the 1st day of November to the 6th day of November in which he notified Miss Johnson that he intended to take out additional insurance as testified to by him upon the trial of this case? Answer: Yes.

"(5) Did Crate Dalton have and hold a conversation with Miss Johnson at or in Hays Bros. office at any time prior to this fire in which Miss Johnson, in substance, advised him that this was a coinsurance risk, and because of this it was not necessary to give notice of additional insurance? Answer: Yes.

"(6) Did Crate Dalton have and hold with T. D. Hays a conversation at or near the Provident Building in which he notified the said T. D. Hays that he had taken out additional insurance as testified by him Dalton upon the trial of this case? Answer: Yes.

"(7) Did J. F. Fickland have and hold with Miss Johnson a conversation over the telephone in which he notified her that he had written additional insurance upon this property, as testified to by him upon the trial of this case? Answer: Yes.

"(8) Was there a change in the interest, title, or possession of the insured property by and between Crate Dalton and George S. McGhee prior to this fire? Answer: No.

"(9) Was the property insured classified at the time of the fire by C. B. Roulet as a coinsurance risk? Answer: Yes.

"(10) Did Miss Johnson tell Mr. Fickland over the phone that notice of additional insurance was not necessary? Answer: Yes.

"(11) Was Crate Dalton the sole and unconditional owner of the property at the time of the fire? Answer: Yes."

The evidence is sufficient to sustain the findings of the jury, as shown by said questions and the answers thereto, and we adopt the same as a part of our findings of fact herein, our additional findings of fact being as herein set out.

## Opinion.

[1, 2] The first and second assignments of error relate to the refusal of the court to give peremptory instructions in favor of plaintiff in error. The court did not err in refusing these instructions for the reasons: The first ignored the issue of waiver and estoppel; and the second assumed, as a matter of law, that the evidence was not sufficient to raise these issues.

Plaintiff in error's first proposition under these assignments of error is as follows:

"Where an insurance contract limits the amount of insurance to be carried upon a risk, and further provides that the entire policy shall become null and void if the assured shall procure other insurance thereon, without the written consent of the company indorsed upon or added to said policy, it ceases to exist as a policy of insurance against loss by fire, if the assured take other insurance upon said property without the written consent of the company indorsed thereon or added thereto."

[3, 4] This proposition is not correct in this: Taking additional insurance without permission being indorsed on a policy as required by a provision thereof does not avoid the policy, if the insurer consents thereto. A clause in an insurance policy forbidding concurrent insurance in excess of the amount allowed is a promissory warranty, a breach of which, in the absence of waiver or estoppel, will avoid the policy. Gross v. Insurance Co., 56 Tex. Civ. App. 627, 121 S. W. 517, citing Kelley-Goodfellow Shoe Co. v. Insurance Co., 8 Tex. Civ. App. 227, 28 S. W. 1027; Insurance Co. v. Storm, 6 Tex. Civ. App. 390, 25 S. W. 318; Insurance Co. v. Weeks, 55 Tex. Civ. App. 263, 118 S. W. 1086; Kelley-Goodfellow Shoe Co. v. Insurance Co., 8 Tex. Civ. App. 227, 28 S. W. 1027; Dumphy v. Assur. Co., 142 S. W. 116; Insurance Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Wilson v. Insurance Co., 12 Tex. Civ. App. 512, 33 S. W. 1085.

[5] But the condition of an insurance policy requiring that the written consent of the insurer for insurance in excess of the amount of concurrent insurance stipulated therein must be indorsed on or attached to such policy may be waived by a duly authorized agent of the insurer. Insurance Co. v. Dalton, 178 S. W. 966; Assur. Co. v. Francisco, 58 Tex. Civ. App. 75, 123 S. W. 1144; Insurance Co. v. Griffin, 66 Tex. 232, 18 S. W. 505; Insurance Co. v. Dorroh, 133 S. W. 475.

In Insurance Co. v. McLemore, 7 Tex. Civ. App. 317, 26 S. W. 929, the court said that:

"When the agent of the insurer was notified of the purpose of the insured to take out insurance in another company, it was his duty "to either consent as provided in the policy, or object to the issuance of the additional policy, and, not consenting, to cancel the previous one, and return the unearned premium. The company represented by him is therefore precluded from now taking advantage of its agent's own wrong in failing to discharge his duty.""

In Insurance Co. v. Griffin, supra, 66 Tex. 235, 18 S. W. 506, the court said:

"It was the duty of the agent to consent and make the indorsement, or to refuse to do so, if he was informed of the plaintiff's purpose."

[6, 7] Plaintiff in error's second proposition under said assignments of error is as follows:

"Notice by the assured to the defendant of an intention to take out additional insurance in the future, uncertain in time, uncertain in amount, and depending on a future and uncertain improvement and enhancement in the value of the property, is not such notice of the taking of other insurance as will constitute a waiver or estoppel of the conditions of the policy against additional insurance."

The proposition is a substantial statement of what was held in Insurance Co. v. Griffin, supra, and is the law as applicable to the facts of that case. Such, however, are not the facts in this case. Defendant in error testified that he had three conversations with Miss Johnson relative to the additional insurance. The first was on September 12th. This was about two days after the improvements began. The second conversation was soon after September 17th, the date of the Firemen's Fund policy, and the third was on the 1st or 2d of November, four or five days before the last policies were issued. Defendant in error testified that in the first conversation he stated that he contemplated taking additional insurance as the improvements progressed; that Miss Johnson said that Hays Bros. knew the character of the building perhaps better than any one else; that they had formerly carried the insurance for the Texas Christian University, and would like for defendant in error to place his additional insurance with them; also that by reason of the money he would spend for improvements he ought to have additional insurance. He replied that he had practically promised the additional insurance to Friedlander & Leudde up to $10,000 or $12,000.

Defendant in error testified that in the second conversation he told Miss Johnson that he had taken $5,000 additional insurance, and that it would only be a few days until he took other additional insurance, and that he again told her that he expected to place the next policy with Friedlander & Leudde; that she said that the building had originally carried $25,000, and that it was not necessary to give notice as to additional insurance, for the reason that it was a coinsurance risk.

Defendant in error testified:

That in the third conversation the matter of additional insurance was mentioned, and "Miss Johnson said it was not necessary to notify about the additional insurance, or something to that effect, because the building had originally carried $25,000 up to the time Stalley and them bought it. They had canceled out same, in order to get the benefit of unearned premiums to pay some incidental premiums, and that was all they wanted to carry on it anyway, * * * and besides that it was a coinsurance risk."

The jury found that defendant in error had those conversations with Miss Johnson "as testified to by him upon the trial of this case."

Thus we see that the statement of defendant in error that he intended to take out additional insurance in the future was not "uncertain in time." In the first conversation it was stated that it was to be taken as "improvements progressed." The permit for improvements was for 60 days. In the second conversation, September 17th, the statement was that the additional insurance would be taken in a few days (the $5,000 policy in the Firemen's Fund had been taken since the first conversation, of which Miss Johnson had notice). In the third conversation, November 1st or 2d, the matter of further additional insurance was mentioned (and the same was taken out November 6th). It was not uncertain as to amount. The amount was to be $10,000 or $12,000 (the amount taken was $10,000). It was not dependent on a future and uncertain improvement. The improvements were actually progressing at the time of each of these conversations, and were approaching completion at the time of the last conversation. So far as Hays Bros. were concerned, the additional insurance does not seem to have depended upon the future advance in the value of the property by reason of the improvements; as it may be fairly deduced from Miss Johnson's statements that she thought the property would carry $25,000 insurance, without reference to such improvements.

We reversed the judgment in Reliance Insurance Co. v. Dalton, supra, on account of the refusal of the court to submit to the jury the issues involved in plaintiff in error's foregoing proposition. The effect of the verdict of the jury in this case is to find against plaintiff in error on those issues.

The direct issues of waiver and estoppel were not submitted to the jury. They were pleaded. No request was made for the submission of these issues. Hence it must be presumed in support of the judgment that the court found these issues in favor of defendant in error, if there was sufficient evidence to support the same. Cotton Mills Co. v. McCamy, 184 S. W. 570; Railway Co. v. Norris, 184 S. W. 262; Railway Co. v. Berthea, 179 S. W. 1087. The facts found by the jury, and also the evidence, are sufficient to sustain such findings.

[8] Plaintiff in error insists that it is not estopped by the legal opinion given by Miss Johnson as to the property's being a coinsurance risk. We deem this testimony material, not as showing estoppel by reason of a legal opinion given by the agent and acted upon by the insured, but as tending to show that Miss Johnson did, in fact, waive the written notice as to the additional insurance. If she thought it was a coinsurance risk, requiring no notice, why should she not have waived

the written notice required by the terms of the policy? The conduct of C. B. Roulet, the insurance actuary, and agent of the plaintiff in error, in classifying the property as a co-insurance risk subsequent to the issuance of the policy herein sued on, was well calculated to cause Miss Johnson to believe that by such action the plaintiff in error had waived notice of additional insurance, and that therefore such notice by the defendant in error was not necessary.

We have carefully examined plaintiff in error's remaining assignments of error, and conclude that the same should be overruled.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.