ANDERSON, Respondent, v. INTERSTATE BUSINESS
MEN'S ACCIDENT ASSOCIATION OF DES
MOINES, IOWA, Appellant.

(160 N. W. 522.)

(File No. 3816.   Opinion filed December 20, 1916.)

1.   **Practice—Rule of Decision—Supreme Court Decision—Similarity
of Records—Decision, How far Controlling.**

So far as the matters presented on the present appeal to the
Supreme Court are similar to those presented in another case
therein, the decision in that case is controlling upon present
appeal.

2.   **Insurance—Accident Insurance—Other Insurance, Notice of to
Insurer—Notice of Intention to Further Insure, Sufficiency of.**

In a suit upon a policy of accident insurance, held, that
evidence that insured, at time of taking out the policy in
question, notified defendant that he had promised to and would
take out policies with two other concerns, was insufficient to
support a finding that he gave notice that he intended to take
out two specific policies thereafter issued to him.

3.   **Same—Notice of Other Insurance, Waiver of, Sufficiency of Evidence of.**

In a suit upon an accident insurance policy containing a
provision that if insured shall carry other insurance of which
he has not notified insurer in writing prior to date of accident,
insurer shall only be liable for a specified proportionate part
of the amount insured for, held, that evidence that the insured
merely stated to insurer's agent, that he had promised to and
would take out accident policies with two other concerns mentioned
by him, did not show a waiver of the notice required
by said policy; it was at most notice that insured intended at
some future time to take out additional insurance in an indefinite
amount.   Held, further, that the condition in said policy
requiring notice of additional insurance was not complied with
by giving notice merely of such intention.

Appeal from Circuit Court, Brown County.   Hon. THOMAS
L. BOUCK, Judge.

Action by E. G. Anderson, against the Interstate Men's Accident
Association of Des Moines, Iowa, to recover upon a policy
of accident insurance.   From a judgment for plaintiff, and from
an order denying a new trial, defendant appeals.   Judgment and
order reversed.

*Porter & Grantham,* and *Dunshee & Haines,* for Appellant.
*Williamson & Williamson,* for Respondents.

GATES, J. On June 13, 1913, plaintiff took from defendant a policy of accident insurance whereby for an accident resulting in a loss of one hand he was to be paid the sum of $1,250. On June 26, 1913, plaintiff took from the Aetna Life Insurance Company, and on July 8, 1913, from the Maryland Casualty Company, policies whereby for such accidental loss he was to be paid $2,500 by each of said last-named companies. On August 26, 1913, plaintiff lost his left hand by accidental means. Defendant's policy contained the same paragraph 16 that is set forth in the opinion in Dustin v. Interstate Business Men's Accident Association, 37 S. D. 635, 159 N. W. 395. From a judgment against it for $1,250, with interest and costs, and from an order denying a new trial, the defendant appeals.

[1, 2] By reason of said paragraph 16 of the policy defendant asserts its liability to be only $250, or one-fifth of the total insurance, that being its proportion of the total insurance carried, because of the fact that the insured did not notify the defendant of such additional insurance, and the said amount of $250 has been paid to plaintiff without prejudice. So far as the matters presented in this case are similar to those presented in the Dustin case, the decision in that case is controlling and is adhered to, but this case presents a difference in one respect. Findings IV and V of the trial court in this case are as follows:

"IV. It appears from the evidence and is admitted by the defendant that at the time that plaintiff made his application he particularly stated to agent of defendant that he intended taking those two policies from the Maryland Casualty and from the Aetna, as their agents were customers of his and had been applying to him to take out the policies, and that he was going to give them the chance, and that if it interfered as to his policy he would not make application to this defendant, and was informed by such agent that it would make no difference, to go ahead and sign up, and the company would issue policy under those conditions.

"V. And I further find, as a matter of fact, under these conditions, the defendant had full knowledge of all the facts and issued the policy under the condition and waived any right to subsequent notice of any kind."

· Such findings went far beyond the evidence. The only evidence upon which said findings could be predicated was this:

"It is further stipulated that if the plaintiff were present he would testify that he had given no notice of such policies to the defendant company, except that at the time he made application for Exhibit 1 he stated to the soliciting agent, C. F. Hopkins, who took his application therefor, that he had promised to and would take out accident policies with the Narregang Investment Company, who was the soliciting agent and sold him policy Exhibit 3 [policy issued by Maryland Casualty Company], and with George Mabbott, who was the soliciting agent, and who sold him Exhibit 2 [policy issued by Aetna Life Insurance Company], as they were customers of his and had been soliciting him for insurance, and he had promised and intended to take out policies."

We are of the opinion that this evidence did not show a waiver of the requirements of paragraph 16 of the policy. The most that can be said of it is that it was notice to defendant that plaintiff intended at some future time to take out additional insurance in some indefinite amount.

[3] A condition requiring notice of additional insurance is not complied with by notice of a mere intention to take out other insurance in the future. Cooley's Briefs on Ins. p. 1841; Kimball v. Howard Fire Ins. Co., 8 Gray (Mass.) 33; Eagle Fire Co. v. Globe Loan & Trust Co., 44 Neb. 380, 62 N. W. 895; Home Fire Ins. Co. v. Wood, 50 Neb. 381, 69 N. W. 941; Healy v. Imperial Fire Ins. Co., 5 Nev. 268; New Orleans Ins. Ass'n v. Griffin, 66 Tex. 232, 18 S. W. 505; Liverpool, London & Globe Ins. Co. v. Sorsby, 60 Miss. 302.

The judgment and order appealed from are reversed.