## PRUSSIAN NAT. INS. CO. v. DALTON.
### (No. 5809.)

(Court of Civil Appeals of Texas. Austin. Nov. 7, 1917. Rehearing Denied Dec. 12, 1917.)

APPEAL AND ERROR ⬤═▷931(4)—FAILURE TO SUBMIT ISSUE — PRESUMPTION FROM JUDGMENT.

Although the question whether the agent who consented to concurrent insurance was still defendant insurer's agent was not submitted to the jury, where the case was tried upon special issues, and there was testimony tending to show agency, the presumption is that the judge found such fact before judgment was rendered for plaintiff.

Error from District Court, McLennan County.

Suit by Crate Dalton against the Prussian National Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error. Williams & Williams and Witt & Saunders, all of Waco, for defendant in error.

KEY, C. J. Opposing counsel conceding its correctness, we copy the statement of the nature and result of this suit contained in the brief for plaintiff in error:

"By his second amended original petition plaintiff alleged, in substance, the issuance on April 29, 1912, of a fire policy to Otto Stalley and others by defendant in the sum of $2,500; that thereafter, and before the fire, plaintiff purchased the property covered by the policy, which on July 27, 1912, was transferred to him by written indorsement; that the property was totally destroyed on November 11, 1912, by a fire; that he made proof of his loss, and that defendant refused to pay; that the property was originally classified as a concurrent risk, but that on October 8, 1912, C. B. Roulet, defendant's agent, classified same as a coinsurance risk, and that plaintiff was thereby authorized to take out additional insurance without notice, so that the riders providing for concurrent insurance were waived; that by its permit for extraordinary repairs defendant waived the effect of the vacancy of the premises; that the defendant by indorsement permitted $20,000 total concurrent insurance; that on November 6, 1912, he notified defendant's agent, Marshall & Co., that he was going to take an additional $5,000 insurance, and they assented, and this additional insurance was procured, and defendant assented thereto; that on April 29, 1912, Marshall & Co. were defendant's agents, and they issued this policy; that between such date and July 27, 1912, defendant ceased to do business in Texas and reinsured, and Walter V. Fort & Co. became agents, but plaintiff knew nothing of this; that at the time he bought the policy being in the hands of the sellers he notified Marshall, and they assented; that Walter V. Fort & Co. signed the indorsement of transfer as defendant's agents, but plaintiff did not know this; that a mortgage clause was attached to the policy, procured through Marshall, and signed by Fort & Co., that Marshall & Co. were notified of the additional $5,000 insurance, making $20,000, and consented, and written consent signed by Fort & Co. was given; that written consent for repairs and vacancy was given; that, if Walter V. Fort & Co. were defendant's agents, Marshall & Co. were Fort's agents to give permits, and were each defendant's agents, and notice to Marshall & Co. was notice to Fort & Co. and the defendant; that Marshall & Co. remained the defendant's agents as to the policy sued on; that plaintiff procured $5,000 insurance, making a total of $25,000, on November 6, 1912, and notified Stribling of Marshall & Co. thereof, which was notice to defendant, and consent was given; that Roulet bulletined this risk as a special hazard, and Marshall and Fort knew that plaintiff could take additional insurance without notice, by virtue whereof defendant is estopped; that Stribling told him the property was a coinsurance risk, and that defendant is estopped; Stribling told him on September 9, 1912, and November 6, 1912, that the property was a coinsurance risk, and that notice of additional insurance was not necessary, and that notice of the last $5,000 insurance was not given on this account; that Hays Brothers had told him, on account of Roulet's classification, that notice of additional insurance was not necessary; that defendant is estopped from complaining of failure to give notice of additional insurance, and acquiesced in the taking of same, and is estopped from denying liability.

"Defendant answered by general demurrer, special exceptions, general denial, and specially that the plaintiff accepted the policy sued on without objection and held it; that, if the building was classified as a coinsurance risk, it was on account of plaintiff's fraud; that the policy was void by virtue of additional insurance without notice; that the policy was void on account of a lack of sole ownership, and because the interest of the insured was not truly stated therein; that the policy became void because of a change in the interest, title, or possession of Crate Dalton in the subject of insurance.

"The case was submitted on special issues, in response to which the jury found in substance:

"(1) That Dalton had a conversation with Davis Stribling between November 5 and 11, 1912, in which he told Stribling that he had ordered an additional policy of $5,000.

"(2) That there was no change in the interest or title of Crate Dalton in the insured property prior to the fire.

"(3) That Crate Dalton was the sole and un

conditional owner of the property at the time of the fire.

"(4) That the insured property was classified at the time of the fire by C. B. Roulet as a coinsurance risk.

"Plaintiff made a motion for judgment, and defendant made a motion for judgment. Defendant's motion was overruled. Judgment was rendered for the plaintiff and against the defendant on the answers of the jury to the issues for $1,997.13, with 6 per cent. interest from date of judgment. Defendant duly made motion for new trial. This was overruled, and defendant excepted and gave notice of appeal. Defendant duly made application for a writ of error and filed its bond, and citation was waived. Plaintiff in error comes to this court complaining of the errors committed in the trial of this cause, as evidenced by the following assignments of error."

### Opinion.

Two other suits resulting from the same fire have been brought to this court before, and the main questions presented here were considered and decided in those cases. Reliance Ins. Co. of Philadelphia v. Dalton, 178 S. W. 966. Mechanics' & Traders' Ins. Co. v. Dalton, 189 S. W. 771. Tested by the rulings announced by this court in those cases, it is not made to appear that this case should be reversed. True it is the policy contains stipulations forbidding concurrent insurance in excess of a specified amount without the consent of plaintiff in error, but there was testimony tending to show that notice of the excess insurance in this case was given to E. W. Marshall & Co., who consented thereto, and also testimony tending to show that, while their general agency had then been revoked, they were still agents for the plaintiff in error as to the policy here involved. It is also true that the court did not submit such question of special agency to the jury, but, as the case was tried upon special issues, and as there was testimony tending to show such special agency, the presumption of law is that the judge found that fact before judgment was rendered for the plaintiff in the trial court.

Perhaps it is also true that the plaintiff in the court below was entitled to judgment upon the finding of the jury to the effect that C. B. Roulet, who was the state insurance actuary, and who represented the plaintiff in error, as well as the public, and all other insurance companies, had reclassified the property, and authorized insurance under what is known as the coinsurance plan, instead of the concurrent insurance plan, at the time the additional insurance was procured.

Having heretofore in the cases cited discussed the main questions in this case, we see no necessity for doing so again, and therefore content ourselves with stating, as conclusions of fact, that the testimony supports the several findings of the jury, and the finding, which, as above stated, the judge is presumed to have made. And such being the case, in the absence of material error of procedure, the plaintiff was entitled to recover. Some complaints of that character are presented to this court, but after due consideration they are overruled. The application for a continuance did not disclose the exercise of proper diligence.

No reversible error has been shown, and the judgment is affirmed.