## PRUDENTIAL FIRE INS. CO. v. WILLIAMS.

### No. 2265.

Court of Civil Appeals of Texas. Waco.
Jan. 30, 1941.

Rehearing Denied March 6, 1941.

Wood, Morrow, Gresham & McCorquodale, John C. Williams, and Roland F. Johnson, all of Houston, for appellant.

R. V. Armstrong, of Bryan, for appellee.

TIREY, Justice.

This is a suit on an insurance policy to recover a loss of $1,500, occasioned by fire to a linotype machine. It was tried by the court without a jury and plaintiff recovered the full amount sued for and defendant appealed.

The judgment of the trial court is assailed mainly on two grounds: (1) There was no policy of insurance issued by appellant in force at the time of the fire; (2)

there was no evidence to show the amount of the loss. We will consider them in the above order, and the parties will be designated as in the trial court.

The plaintiff was in the printing business. In October, 1937, defendant, acting by and through its agent, duly authorized and licensed under the laws of the State of Texas, issued and delivered its policy of insurance to the plaintiff, covering the period of time from October 15, 1937, to October 15, 1938, against all loss or damage by fire to an amount not exceeding $1,500 to linotype machines, including all parts and appurtenances belonging thereto. In April, 1938, plaintiff sold the linotype machine which was insured under the above policy and purchased a new machine and placed thereon additional equipment and accessories. The plaintiff immediately notified defendant's agent of such sale and purchase and of the outstanding mortgage on the new machine so purchased by him. Defendant's agent solicited insurance on the new machine and the plaintiff authorized defendant's agent to write insurance in the sum of $2,782, that being the amount of the mortgage, and a policy was written for said amount by said agent, but the mortgagee was not willing to accept the policy written by defendant and plaintiff so notified defendant's agent, and policy was not accepted. Plaintiff obtained insurance in another company to cover the amount of the mortgage and defendant's agent had full knowledge thereof. Plaintiff claimed that he had an additional equity in the machine in the amount of $1,500, and that he requested defendant's agent to keep in force the policy of $1,500 on the new machine and to renew the same upon its expiration date for an additional period of one year, in order that he might be fully covered, and the defendant's agent agreed so to do. Said policy, among other things, provided: "This policy may by renewal be continued under the original stipulations, in consideration of premium for the renewed term, provided that any increase of hazard must be made known to this company at the time of renewal or this policy shall be void." The fire occurred on November 9, 1938. Defendant's agent had notice of the fire and loss and plaintiff duly filed proof of loss by instrument dated February 6, 1939. Plaintiff, without objection, testified to the following conversation had between plaintiff and defendant's agent the next morning after the fire: "I asked Mr. Kraft why it wasn't renewed and he told me he didn't know why it was,—just an oversight on his part; that was all he could figure out why it wasn't renewed. I asked him if he didn't know it was supposed to be renewed and he said yes, but it was just an oversight." On November 21, 1938 (which was subsequent to the fire and loss) defendant's agent wrote defendant, in part, as follows: "Your letter in answer to our regarding the policy that was not renewed covering on the above firm received. We gave the wrong policy renewal number. The correct policy is No. 3580, that should have been renewed. * * * Kraft Agency Prudential Ins. Co., on Linotype that should have been renewed, $1500.00."

"The law is well settled in this state that an insurance company, through its duly authorized agent, may contract by parol for the renewal of a fire insurance policy; and, in the absence of an agreement to the contrary, the presumption is that the renewal is upon the same terms, conditions, and amount as provided in the original policy." See St. Paul Fire & Marine Ins. Co. v. Stell, Tex.Civ.App., 20 S.W.2d 399, point 3, page 401, for collation of authorities. An "authorized agent, may contract by parol for the renewal of a policy, although it may be stipulated on the face of the instrument itself that this shall not be done." Cohen v. Continental Fire Ins. Co., 67 Tex. 325, 3 S.W. 296, 297, 60 Am.Rep. 24. We think the record shows that Kraft was the duly authorized agent of the defendant, and as such agent he had the authority to issue and deliver fire insurance policies. The defendant's agent, having knowledge of all of the facts, did issue another policy to cover the purchase money loaned (and did not cancel or take up the old policy), but the mortgage holder refused to accept said policy and defendant's agent was therefore unable to make delivery of the same. With knowledge of the fact that insurance in the amount of $2,782 would be obtained by plaintiff in another company, defendant's agent promised to continue the $1,500 policy in force and effect and orally agreed to renew the same at the expiration date. "Verbal consent by the agent, with knowledge that it will be acted upon, is a waiver of the requirement that the consent shall be expressed in writing upon the policy." New Orleans Ins. Ass'n v. Griffin & Shook, 66 Tex. 232, 18 S.W. 505; Mechanics' & Traders' Ins. Co. v. Dalton, Tex.Civ.App., 189 S.W. 771, writ refused. Defendant's agent failed to can-

cel the $1,500 policy and failed to make any refund or rebate for such cancellation. Moreover, the defendant's agent, by his letter of November 21st, advised the defendant that the old policy should have been renewed. Furthermore, the plaintiff testified that on the morning after the fire defendant's agent admitted that failure to renew the policy was an oversight on his part. We are therefore of the opinion that the evidence is ample to sustain the trial court's finding that the $1,500 policy was renewed by parol agreement, and that the defendant cannot escape liability because of the oversight of its agent to do what he had agreed to do. See St. Paul Fire & Marine Ins. Co. v. Stell, supra; Mechanics' & Traders' Ins. Co. v. Dalton, Tex.Civ. App., 189 S.W. 771, writ refused.

The next question that arises is, Was the testimony sufficient to sustain the judgment of the court? We think so. Plaintiff's allegations as to value were, substantially: (a) that the machine had no market value in the vicinity of the fire; (b) that the reasonable cash value of said machine to him just before the fire was the sum of $5,200, and the reasonable cash value to him after the fire was nothing, and that the machine was totally destroyed and was worthless to him; (c) in the alternative, that the reasonable cash market value of said machine immediately prior to the fire was $5,200 and after the fire was nothing. Defendant interposed general demurrer and general denial. It has been repeatedly held that: "The word 'value,' when applied without qualification to property of any description, necessarily means the price which it will command in the market. Value is defined as the amount of other commodities, commonly represented by money, for which a thing can be exchanged in open market." Missouri, K. & T. Ry. Co. v. Crews, 54 Tex.Civ. App. 548, 120 S.W. 1110, 1111. Plaintiff testified that the reasonable cash market value of the machine immediately prior to the fire was above $5,000. The proof of loss which was prepared and sworn to by the plaintiff, and which was designated Exhibit B and introduced in evidence without objection, among other things, stated: "The machine and its appurtenances was totally destroyed by fire on November 9th, 1938 * * *; the cash value of the machine was $5200.00 complete." Without objection, the following testimony was adduced: "Are the facts as contained in plaintiff's Exhibit B, which you signed and swore to, true and correct?" to which plaintiff answered "Yes". The general rule as to the measure of actual damages to personal property injured "is ordinarily the difference in the value of the article injured at the time and place, immediately before and immediately after the injury, with legal interest." Chicago, R. I. & G. Ry. Co. v. Zumwalt, Tex.Com. App., 239 S.W. 912, point 1, page 915. We are of the opinion that the record is sufficient to meet the above test. The proof of loss specifically stated that the machine was totally destroyed by fire and that it had a cash value of $5,200. As we view the record, this was competent prima facie evidence of loss and value, Franklin Fire Ins. Co. of Philadelphia v. Orr, Tex.Civ.App., 36 S.W.2d 576, writ refused, and is sufficient to sustain the judgment, and the foregoing assignment must be overruled.

All other assignments presented by appellant have been considered and are overruled.

The judgment of the trial court is affirmed.