### WILSON & MOSELEY v. AETNA INSURANCE CO.

#### No. 1432.

**Insurance—Additional—"Valid or Not."**

A policy of insurance conditioned to be void if the assured shall now have, or
hereafter procure any other insurance "whether valid or not" on the property
insured, is avoided by assured procuring without insurer's permission a policy
on the same property from another company, though the last policy was void be-
cause it contained a similar clause and was procured without permission for the
concurrent insurance maintained in the first policy.

APPEAL from Robertson.   Tried below before Hon. JOHN N. HENDERSON.

*Field & Taylor*, for appellants.—A subsequent policy, void by its own terms, is not a contract, and does not constitute "additional insurance" and does not render void previous policies which provide against additional insurance not permitted.

Wood on Insurance, p. 586, says: "A condition that if other insurance shall be obtained without the consent of the company, the policy shall be void, only relates to other valid insurance, and the policy is not avoided by the procurement of other policies that for any cause are invalid; citing, Thomas v. Ins. Co., 119 Mass., 121; Jackson v. Ins. Co., 23 Pick., 418; Hardy v. Ins. Co., 4 Allen, 217; Clark v. Ins. Co., 6 Cush., 342; Kimball v. Ins. Co., 8 Gray, 33; Stacey v. Ins. Co., 2 W. & S. (Penn.), 506; Gee v. Ins. Co., 55 N. H., 65; also 20 Am. Rep., 170; Obermeyer v. Ins. Co., 43 Mo., 573; Hubbard v. Ins. Co., 33 Iowa, 325; also, 11 Am. Rep., 125; Forbes v. Ins. Co., 9 Cush., 470; Philbrook v. Ins. Co., 37 Me., 137; Gale v. Belknap, 41 N. H., 170; Ins. Co. v. Watson, 23 Mich., 486; Lindley v. Ins. Co., 65 Me., 368; also, 20 Am. Rep., 701; Knight v. Ins. Co., 26 O. St., 664; Schenck v. Ins. Co., 4 Zabr. (N. J.), 447.

If the subsequent policy is void it does not affect the prior policies, even though the loss under it is paid in whole or in part by the underwriters.   Thomas v. Ins. Co., 119 Mass., 122; Philbrook v. Ins. Co., 37 Me., 137; Lindley v. Ins. Co., 65 Me., 368; Gale v. Belknap, 41 N. H., 170; Hardy v. Ins. Co., 4 Allen, 217; Ins. Co. v. Holt, 35 O. St., 189.

Policies that were void ab initio did not constitute other insurance, but policies that were at any time valid were to be treated as such. Mitchell v. Ins. Co., 51 Pa. St., 402.

The additional insurance to work a forfeiture, must be valid, although it would seem that the temptation to fraud would be the same even if the additional insurance could not be collected.   Tyler v. Ins. Co., 12 Wend. (N. Y.), 507; Sloat v. Ins. Co., 49 Pa. St., 14; Nichols v. Ins. Co., 1 Allen, 63; Harris v. Ins. Co., 5 O., 466; Ins. Co. v. Drake, 2 B. Monr. (Ky.)   47.

The expression used in the policy sued on is: "Any other contract of insurance, whether valid or not."   This is to be distinguished from "any other policy of insurance, whether valid or not."   The American Central policy was an invalid policy, but never was a contract of insurance of any kind.

There can be no such thing as an invalid contract.   If a contract at all, it must be of force.   It must affect the status of the parties to it. It must be valid.   If, however, we chose to follow text book writers, and say with Mr. Anson (on Contracts, p. 204) that "a void contract is one destitute of legal effect," we arrive at the same conclusion, for the American Central policy being void, was therefore destitute of legal effect.

How, then, could it have the legal effect to render void the policy previously written in the Etna? 8 Stew. (35 N. J. Eq.), 291; also reported in 40 Am. R., 625. This case cites May on Ins., 437; Flanders on Fire Ins., 49-50; 27 Pars. on Maritime Law, 100; Wood on Ins., 348; Gee v. Ins. Co., 55 N. H., 65.

*Morgan & Thompson,* for appellee.—1. The appellee submits that neither of appellants' assignments are well taken, because the policy of insurance taken out by the plaintiffs with the American Central Insurance Company was, within the meaning of the policy sued on, another contract of insurance, valid or not, upon the property covered in whole or in part by the policy sued on. Ins. Co. v. Blum, 76 Texas, 653; Griffin & Shook v. Ins. Co., 66 Texas, 232; Ins. Co. v. Flippin, 23 S. W. Rep., 550; Ins. Co. v. Storm, 25 S. W. Rep., 318; Hughes v. Ins. Co. (Nev.), 59 N. W. Rep., 114; Replogle v. Ins. Co., 31 N. E. Rep., 947; Replogle v. Ins. Co., 15 N. E. Rep., 810; Ins. Co. v. Lamar, 106 Ind., 513; Behler v. Ins. Co., 68 Ind., 347; Wood Co. v. Coldwell, 54 Ind., 270; Ins. Co. v. Copeland, 90 Ala., 386; Funke v. Ins. Co., 29 Minn., 347; Lackey v. Ins. Co., 42 Ga., 456; Suggs v. Ins. Co., 98 N. C., 143; Allen v. Ins. Co., 30 La., Ann., 1386; Keyser v. Ins. Co., 66 Mich., 664; Stevenson v. Ins. Co., 83 Ky., 7; Suggs v. Ins. Co., 9th Ins., L. J., 657; Baer v. Ins. Co., 4 Bush., 242; Landers v. Ins. Co., 86 N. Y., 414; Bigler v. Ins. Co., 22 N. Y., 40; Mussey v. Ins. Co., 14 N. Y., 79; Ins. Co. v. McCrea, 11 Ins. L. J., 508; Somerfield v. Ins. Co., 8 Lea., 547.

2. Appellee submits that appellant's fourth assignment of error is not well taken because—(a) There was no pleading to sustain such evidence. (b) There was no testimony showing any authority in R. C. Allen to bind the appellee in any such statement. (c) There was no proof offered of any consideration moving to the company which would make said declaration or agreement other than nudum pactum, even if agency could be shown. Ins. Co. v. Hutchins, 53 Texas, 61; Ins. Co. v. La Croix, 45 Texas, 158; Bank v. Stone, 49 Texas, 15.

COLLARD, Associate Justice.—This is an action by appellant against appellee on an insurance policy of the latter in favor of the former, in which it is provided that "this entire policy shall be void, unless otherwise provided by agreement endorsed hereon or added hereto, if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on the property covered in whole or in part by this policy;" the policy permitting $1875 additional insurance on the property. Defendant set up a violation of the foregoing clause of the policy by the subsequent procuring of insurance by the insured in the American Central Insurance Company for the sum of $2000, having already procured insurance in the Hartford Fire Insurance Company, on the same property for the amount of $1875. Defendant made proof of the facts alleged. The policy in the Hartford company was for $1875, being issued June 21, 1893; in the Aetna for $1500,

issued October 6, 1893; and in the American Central for $2000, dated October 13, 1893; each policy to run one year, and were all in force at the time all the property, of the value of $7400, was destroyed by fire, to-wit, on November 23, 1893. The Hartford policy contained a clause similar to that in the policy sued on, and allowed $2000 additional concurrent insurance. No consent was had or given by the defendant company for the additional insurance taken out by plaintiff in the American Central. The policy in the American Central also contained a clause similar to that in the other two, reading: "This policy shall be void and of no effect, if, without notice to the company and permission therefor indorsed in writing hereon, the assured shall now have or hereafter make or procure any other insurance whether valid or not on the property hereby insured or any part thereof." The Hartford policy allowed or provided for the insurance in the Aetna; the Aetna allowed or provided for that in the Hartford, but neither allowed the last policy in the American Central, and it only allowed that in the Hartford. It was written by a different agent, the other two were written by the same agent. At the time of the issuance of the American Central policy, plaintiffs did not know the one in the Aetna had been issued (it being a renewal, Wilson thinking it had expired), as the agent of the latter was absent. They procured the American Central policy, and told the agent to allow the insurance in the Hartford, which was done. None of the policies were ever in possession of the plaintiff, having been left with the agents. When Wilson and Mosely learned that the Aetna policy had been issued, they asked the agent of the American Central what it would cost to let its policy run until January 1st, and then cancel. The agent asked why? and they replied that they had more insurance than they wanted, but did not tell him that the Aetna had been renewed, nor did they notify the Aetna and Hartford agents that they had taken out the American Central policy. The full amount of insurance of all the policies was $5375; the value of the goods destroyed by fire was $7400. Immediately after the fire, plaintiffs transferred all the policies to Leon & H. Blum, of Galveston. Some time after this, Leon & H. Blum transferred them back to plaintiffs. Plaintiffs made a settlement with the American Central for $530, receiving the amount in full settlement, surrendering the policy. At this time plaintiffs disclaimed any demand against the American Central, and told the company that they did not claim it was liable, and that any amount it paid would be a gratuity. The company would not pay anything unless the policy was surrendered. While the policy was in the hands of Blum, the company offered $500 in settlement of the policy, but plaintiffs refused to permit Blum to accept the proposition.

The case was tried by the court without a jury, and upon the facts the court made his finding of law as follows: "I hold that the provisions in the Aetna and Hartford against additional insurance without the consent of said companies was reasonable, and the language used in the policies providing against additional insurance except as therein allowed,

whether valid or not, indicates that the intention of the parties to the contract was to provide against any additional insurance except as provided in said policies, and they used clear and unambiguous terms to convey their intention, leaving nothing to judicial construction, and the court, in the absence of any equitable cause shown, declines to set aside the contract made by the parties, or to frame a new one for them, but will enforce the contract as made, and accordingly finds in favor of the defendants." Judgment was so rendered, and the plaintiffs have appealed, assigning the law conclusions of the court as error.

*Opinion.*—Appellants contend that because of the condition of the policy of the American Central against other insurance, and because of the existence of such other insurance at the very time the policy issued, it was void and never at any time attached as insurance on the property, nor did it afford indemnity in case of loss; that the policy in the American Central being void at the time of its issuance, then the condition in the Aetna policy rendering it invalid was never violated.

Appellants quote a proposition in Wood on Insurance, p. 586, as authority for their contention, as follows: "A condition that if other insurance shall be obtained without the consent of the company, the policy shall be void, only relates to other valid insurance, and the policy is not avoided by the procurement of other policies that for any cause are invalid;" citing Thomas v. Insurance Co., 119 Mass., 121; Jackson v. Insurance Co., 23 Pick., 418; Hardy v. Insurance Co., 4 Allen, 217; Clark v. Insurance Co., 6 Cush., 342; Kimball v. Insurance Co., 8 Gray, 33; Stacey v. Insurance Co., 2 W. & S. (Penn.), 506; Gee v. Insurance Co., 55 N. H., 65; Obermyer v. Insurance Co., 43 Mo., 573; Hubbard v. Insurance Co., 33 Iowa, 325; Forbes v. Insurance Co., 9 Cush., 470; Philbrook v. Insurance Co., 37 Me., 187; Gale v. Belknap, 41 N. H., 170; Insurance Co. v. Watson, 23 Mich., 486; Lindley v. Insurance Co., 65 Me., 368; Schenck v. Insurance Co., 4 Zabr. (N. J.), 447; Knight v. Insurance Co., 26 Ohio St., 665; Insurance Co. v. Holt, 35 Ohio St., 189; Tyler v. Insurance Co., 12 Wend., 507; Sloat v. Insurance Co., 49 Pa. St., 14. These authorities all sustain the proposition announced in the text, and no fault can be found with it. It is certainly the law. But it does not apply to the facts of this case. It applies to "other insurance," not "other insurance valid or not." The condition in the policy before us was doubtless intended to meet the very principle held in the foregoing authorities.

In North Carolina it has been held that a policy containing a stipulation that if there be other insurance on the property, "valid or otherwise," at the time of its issuance, or at any other time during its continuance, without the consent of the insurer, will be forfeited if the assured, in forgetfulness of the fact that such other policy has been issued, and in good faith, procures other risks on the same property without the consent of the insurer. Sugg v. Insurance Co., 98 N. C., 145. It was argued in that case for the plaintiffs that inasmuch as there

were other insurances existing at the time the policy was issued, they were ineffectual and void, therefore the policy sued upon was not affected by them and remained valid. The court say: "This argument is without substantial force. The clause of the policy sued on expressly embraced 'any other insurance valid or otherwise,' and provided that the same should render the policy void. The very purpose was to exclude and guard against, not only subsequent valid insurance, but all others supposed or intended to be valid."

The clause in the policy before us is explicit and was intended to cover all policies, "whether valid or not." The terms of the condition cannot be construed away. They constituted a contract, and the courts should enforce it. It included the very policy obtained in the American Central, though it might have been void, and the contract should be applied as it was made.

In Iowa, the contention of appellants was sustained. It was held that a policy with a clause similar to that in this case before us was not rendered invalid by the existence of an unexpired policy which by its terms was void at the time the policy sued on was issued. Stevens v. Insurance Co., 69 Iowa, 658. May, in his work on Insurance (section 365), commenting on the above case, says, "It is difficult to see why the words 'valid or not' do not in all common sense cover a void policy."

The only question in the case is, what do the words mean and do they include an invalid policy. There can be no doubt but that they do. The contract must be enforced.

There is no question in this case as to a waiver of the condition. We have but the one question, whether the condition in the policy included an invalid or void policy, and we think it does. Insurance Co. v. Blum, 76 Texas, 653; Insurance Co. v. Flippin, 4 Texas Civ. App., 580; May on Insurance, secs. 364, 365.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered February 12, 1896.