FILMORE D. HELDRETH *v.* FEDERAL LAND BANK OF
BALTIMORE *et al.*

(No. 7051)

Submitted February 17, 1932.    Decided February 23, 1932.

*E. A. Bartlett* and *Wm. T. George,* for appellant.

*Harvey F. Smith* and *Cook & Markell,* for appellee State
Assur. Co., of Liverpool, England.

*I. P. Whitehead,* and *Charles W. Louchery,* for appellee
Federal Land Bank of Baltimore.

MAXWELL, JUDGE:

This suit was instituted by a mortgagor to cancel an assign-
ment by the mortgagee to the insurer of so much of the
mortgage debt as equals the amount paid by the insurer to
the mortgagee under ''standard'' mortgage provision of plain-
tiff's policy of fire insurance for loss of a dwelling on the
mortgaged property.   On the merits, the trial court found

against the plaintiff and dismissed his original and amended bills. The plaintiff appeals.

The insurer denied liability to the plaintiff, but, recognizing its liability to the mortgagee under the "standard" mortgage clause of the policy, it paid to the mortgagee the insurance on the dwelling in the amount of $1,000.00. And, under a provision of the policy which subrogated the insurer to the rights of the mortgagee, *pro tanto,* in such circumstances, the insurer obtained of the mortgagee an assignment of the mortgage to the extent of the insurance paid.

None of the grounds relied on by the insurer in support of its denial of liability to the insured need be considered, save one, and it is predicated on a condition of the policy that "this policy shall be void if there be now or shall hereafter be procured any other insurance upon such property not permitted in writing hereon." The policy did not contain any permission in writing thereon for additional insurance. But there was other insurance. This is admitted by the insured.

In the standard form of fire insurance prescribed by Acts of the Legislature of 1923, chapter 18, (Code 1931, 33-4-7) there is found this provision: "Unless otherwise provided by agreement in writing added hereto this Company shall not be liable for loss or damage occurring, (a) while the insured shall have any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." It will be observed that the quoted condition of the policy is in substantial compliance with the statutory condition. A breach of such condition is, of course, a sufficient ground for denial of liability by the insurer to the insured. That such conditions are reasonable and proper is generally recognized. 5 Couch on Insurance, Sec. 1041; 26 Corpus Juris, p. 256; 14 Ruling Case Law, p. 1065; *Insurance Co.* v. *Williams,* (Ind.) 112 N. E. 556; *Insurance Co.* v. *Bank,* (Va.) 118 S. E. 236.

In discussion of this condition of the policy, the trial chancellor said: "There is no evidence here that the condition was ever waived by the Company, but on the contrary it

appears that the Company had no notice of this insurance until long after the fire and but shortly before the filing of this suit, as well as after it had made payment to the mortgagee. I see no reason why the Company cannot now rely upon such violation of the agreement by the insured to defeat his claim even though at the time of the payment to the Bank, upon denial of liability to plaintiff, it had no knowledge of this breach of contract.'' In the opinion thus expressed we concur. We think that the insurer's right to rely on that breach was not impaired by the fact that it did not become advised of the other insurance until some time subsequent to the fire. (The denial of liability was at first based on other grounds, not necessary to be discussed in this opinion.) Our said conclusion, as was evidently the trial chancellor's is predicated on the reasons which underlie such condition in a fire insurance policy. Such condition is deemed reasonable and proper because the moral hazard should not be increased without the knowledge of the insurer. It is considered that not infrequently the motive for the preservation of property decreases as insurance mounts. It will be noted that under our statute, quoted and cited, the condition obtains even though such other insurance may be invalid. Thus it is evident that the Legislature considered that additional insurance increases the moral hazard though it is invalid, if the fact of such invalidity is unknown to the insured, and in such cases it is to be presumed that he does not know of the invalidity else he would not assume the burden of paying the additional premiums. It follows that plaintiff's effort to meet the difficulty by undertaking to waive, on submission of the case, any benefits he might have under the other insurance, is without avail.

The plaintiff thus having breached an unequivocal condition of his policy, the insurer was justified in denying liability to him under the policy, and, having discharged its liability to the mortgagee under the ''standard'' mortgage clause, was entitled to an assignment *pro tanto* from the mortgagee. We perceive no error in the finding of the chancellor.

*Affirmed.*