## HOME INS. CO. v. COLLINS.
### No. 11081.

Court of Civil Appeals of Texas. Dallas. Nov. 26, 1932.

Rehearing Denied Jan. 14, 1933.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Clint & Eades, of Dallas, for appellee.

LOONEY, J.

Judgment was rendered in favor of Alice Collins against the Home Insurance Company on its fire policy for $1,500, upon a one-story house belonging to appellee, containing a mortgage clause in favor of P. P. Martinez, beneficiary in a trust deed against the property. The jury found, with ample evidence to sustain the finding (which we adopt as our conclusion of fact on that issue), that the building was totally destroyed by fire on December 11, 1929, and, as the policy became a liquidated demand, the judgment rendered was justified and should be affirmed, unless reversible error is presented by the assignments.

Appellant contends that the court erred in refusing to direct a verdict in its favor, because of the existence of unpermitted concurrent insurance. The facts, in short, are these: After the issuance of the policy sued upon, P. P. Martinez, mortgagee, procured from Central Federal Fire Insurance Company a policy of $1,250, additional insurance. The policy in suit contains the usual forfeiture provisions for unpermitted insurance. With reference to this matter, we adopt from

appellant's brief the following statement, to wit: "At the time of the agreed statement of facts Alice Collins had not filed suit against the Central Federal Fire Insurance Company. Alice Collins did not actually know or have any actual knowledge of the issuance of the policy in the sum of $1,250.00 by the Central Federal Fire Insurance Company. She never expressly authorized the issuance of the policy, and did not know or learn that same had been issued until after the fire, unless same was authorized by the deed of trust mentioned. This policy was applied for by P. P. Martinez, the mortgagee, and procured and obtained by him when he felt that more insurance was needed on the property. Alice Collins was charged with the premium on the Central Federal Fire Insurance Company policy in the amount of $22.15, which sum had theretofore been paid to the Agent of the Central Federal Fire Insurance Company by P. P. Martinez, and the notes which were executed and secured by the deed of trust dated November 1, 1929, included said premium of $22.50 on said Central Federal Fire Insurance Company policy, which has been heretofore attached, but Alice Collins did not actually know that fact. The mortgagee, P. P. Martinez, filed a disclaimer. The proof of loss which was filed as against the Central Federal Fire Insurance Company makes a claim against that company for $1,250.00, and is dated March 7, 1930, and she filed proof of loss against The Home Insurance Company claiming $1,500.00. * * *"

It is well understood that insurance is avoided where insured, in violation of a provision of the policy, procures unpermitted concurrent insurance on the property (Home Ins. Co. v. Boatner (Tex. Civ. App.) 218 S. W. 1097; Id. (Tex. Com. App.) 239 S. W. 928, and authorities cited); but it is equally well settled that insurance issued at the instance of another, without the knowledge, consent, or ratification of the owner, will not avoid existing insurance. See Commonwealth Ins. Co. v. Evans (Tex. Civ. App.) 42 S.W.(2d) 1088, and authorities cited. It is contended, however, that under the provisions of the deed of trust, Martinez was authorized to take out additional insurance, that the same was binding upon appellee, constituted unpermitted concurrent insurance; hence avoided the policy in suit.

The pertinent provisions of the deed of trust are these: "But should the parties of the first part make default in the punctual payment of said indebtedness, or any part thereof, principal or interest as the same shall become due and payable, or fail to pay as the same shall become due and payable, all taxes and special assessments, either State, County, Municipal or otherwise, chargeable to or assessed against or hereafter chargeable to or assessed against the hereinbefore described property, * * * or fail to keep at all times the improvements on said property insured against fire, tornado and hail in favor of any holder of the indebtedness hereby secured (who shall hold the policies of insurance) in the full insurable value of such improvements in solvent and reputable insurance companies acceptable to the holder of said indebtedness, * * * then and in such case, the whole amount of said indebtedness hereby secured remaining unpaid may at the option of the party of the third part, or other holder thereof, immediately mature and become payable. * * * Any holder of any part of the indebtedness hereby secured shall have the option of paying taxes and insurance premiums hereunder, and in such event the sums so expended shall operate as a lien on the real property herein described and be secured hereby."

We do not think these provisions authorized Martinez to take out additional insurance binding upon appellee; but even if such authority can be found in the quoted provisions, it could not have been exercised without demand being made on insured for additional insurance, and default on her part. No such showing is revealed by the record. See Commonwealth Ins. Co. v. Evans (Tex. Civ. App.) 42 S.W.(2d) 1088, 1090, and authorities cited; also annotations under Gould v. Maine, etc., Co., L. R. A. 1917A pages 607, 609, where the doctrine is announced that, "Although the mortgage contains a provision authorizing the mortgagee to protect his interest by insuring in case the mortgagor fails to do so, the mortgagee's act in procuring insurance will not avoid a policy held by the mortgagor where there has been no default on the latter's part in protecting the mortgagee by insurance, and he has no knowledge that the mortgagee has taken out a policy."

Appellant contends further, that even if the provisions of the trust deed did not authorize Martinez to take out additional insurance, binding upon appellee, nevertheless, he had the right as lienholder to procure the insurance, and as the insured, after loss, made proof and urged claim against the Central Federal Fire Insurance Company, she thereby ratified the act of Martinez, adopted the same as her own, and thus the policy became unpermitted insurance and avoided the policy in suit.

The pertinent facts are these: After the loss, appellee made proof of same to Central Federal Fire Insurance Company under the $1,250 policy procured by Martinez, which, however, was rejected by the company, and at the time of trial had not been sued upon by appellee.

We cannot adopt appellant's view; the object of the provision by which unpermitted concurrent insurance works a forfeiture is to prevent the moral hazard that would unques-

tionably arise from the existence of excessive insurance; but as the insured was not aware of the existence of the Martinez policy until after the fire, the moral hazard was not increased, the reason for the stipulation against other insurance ceased, and the rights of the parties became definitely fixed. We therefore overrule the contention that, by making proof of loss, appellee ratified the act of Martinez and adopted the additional insurance as her own. See Allemania, etc., Co. v. Fordtran (Tex. Civ. App.) 128 S. W. 692; Nelson et al. v. Atlanta, etc., Co., 120 N. C. 302, 27 S. E. 38; Cowart v. Capital, etc., Co., 114 Ala. 356, 22 So. 574; May on Ins. § 365c; also annotations under Gnat v. Ins. Co., L. R. A. 1918D page 783.

Appellant urges several assignments, complaining of the action of the court in permitting witnesses to testify over its objections, as shown below. Appellee introduced several witnesses, who, after qualifying as experts, testified, without objection, that after the fire they inspected the remains of the building, described the parts left standing and the condition of the material not consumed, and thereupon were asked and answered the questions objected to; that is, they were permitted to say that, in their opinion, the property was a total loss, that it was not practicable to repair the building, that it had lost its identity as such; and one witness was permitted to say that, if uninsured and called upon to reconstruct the building, he would not use or utilize any of the material left, but would give it to some one to clear off the lot. The objections urged were that the answers are but the conclusions of the witnesses, and invaded the province of the jury.

■■ As a general rule, courts will, as far as possible, exclude the inference, conclusion, or judgment of a witness as to the ultimate fact in issue, 22 C. J. p. 502 (sec. 597) 3; but the rule is by no means absolute, for when such testimony is admitted over objection, abuse of discretion and injurious results to the objecting party must be shown, Ibid. p. 514 (sec. 601) 4, as "it frequently occurs that the only possible or practicable method of making proof of the fact in issue is by means of opinion evidence." Ibid. p. 504; M. K. & T. Ry. Co. v. Steele, 50 Tex. Civ. App. 634, 110 S. W. 171, 174; McCabe v. San Antonio, etc., Co., 39 Tex. Civ. App. 614, 88 S. W. 387; St. Louis & S. F. R. Co. v. Smith (Tex. Civ. App. writ denied) 90 S. W. 926, 929.

■ It was shown that, from previous training and experience, these witnesses were skilled contractors, builders, etc.; therefore were competent to testify, and we think were correctly permitted to express opinions in regard to the subjects of inquiry, although their answers assumed facts in controversy, and in this sense invaded the province of the jury. In I. & G. N. Ry. Co. v. Mills (writ denied) 34 Tex. Civ. App. 127, 78 S. W. 11, 12, Judge Fly used the following language in point: "* * * In order to obtain a certain opinion from an expert, it is absolutely essential to assume the existence of the facts necessary to elicit the opinion; and, in order that the opinion should prove of any value, it should be the very one that it is desired the jury should form. * * *" Also see St. L. & S. F. R. Co. v. Smith (Tex. Civ. App.) 90 S. W. 926, 929; Galveston, H. & H. R. Co. v. Bohan (Tex. Civ. App.) 47 S. W. 1050, 1052, 1053. Particularly is this the rule where, as in the instant case, the experts testified from observed facts. See 11 R. C. L. p. 577 § 9; Joske v. Pleasants (writ denied) 15 Tex. Civ. App. 433, 39 S. W. 586, 589; Stark v. Harry (writ denied) 57 Tex. Civ. App. 529, 122 S. W. 947, 950; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Tex. 536, 540, 15 S. W. 104; Schaefer v. Ely, 84 Conn. 501, 80 A. 775, 779, Ann. Cas. 1912D, 899; Bankers Lloyds v. Montgomery (Tex. Civ. App.) 42 S.W.(2d) 285, 286. We are of opinion, therefore, that the court did not err in admitting the testimony over appellant's objection.

■ However, if it be conceded that the court did err in this respect, the judgment should not be reversed for that reason, because the record is replete with evidence, admitted without objection, that justified the finding that the property was a total loss. See Hart v. Harrell (Tex. Civ. App.) 17 S.W.(2d) 1093; Seay v. Fennell (writ denied) 15 Tex. Civ. App. 261, 39 S. W. 181, 183; St. L. & S. F. R. Co. v. Smith (Tex. Civ. App.) 90 S. W. 926, 929; Head v. Texas St. Bank (Tex. Civ. App.) 16 S.W.(2d) 298, 301; Fain v. Fain (Tex. Civ. App.) 6 S.W.(2d) 403, 407, 408; International Travelers' Ass'n v. Bettis (Tex. Civ. App.) 3 S.W.(2d) 478, 481; Baker v. Farmers', etc., Union (Tex. Civ. App.) 3 S.W.(2d) 155, 157.

In harmony with these views, we affirm the judgment of the court below.

**Affirmed.**