THE AMERICAN INSURANCE COMPANY v. A. J. KELLEY.

No. A-7042. Decided April 15, 1959.
Rehearing Overruled June 24, 1959.
Second Motion for Rehearing Overruled July 22, 1959.
(325 S.W. 2d Series 370)

*Johnson, Guthrie & Stanfield and Robert Lee Guthrie,* all of Dallas, for petitioner.

*Woodrow H. Evans,* of Mt. Vernon, and *Howard S. Smith,* of Sulphur Springs, for respondent.

MR. JUSTICE CULVER delivered the opinion of the Court.

Respondent, A. J. Kelley, brought suit against the petitioner, The American Insurance Company, on a policy of fire insurance issued to him covering his dwelling that had been totally destroyed as a result of fire. The trial court's judgment for petitioner was on appeal reversed and rendered, and full recovery awarded to respondent. 316 S.W. 2d 452. We affirm the decision of the Court of Civil Appeals.

The defense asserted by petitioner is an alleged violation by respondent of the total concurrent insurance clause of the Texas standard form of fire insurance policy by having obtained thereafter fire insurance in another company in excess of the amount permitted by petitioner's policy, the one sued on here.

American wrote its policy on August 18, 1956, insuring respondent's dwelling in the sum of $3,000.00 and his household goods in the sum of $500.00. About one month later, on Kelley's application, Home Insurance Company issued a fire policy covering the same property, insuring the dwelling for $1,500.00 and the household goods for $1,000.00. The trial court found that Kelley acted under a mistake of fact in taking out the additional coverage, having received information that caused him to believe his American policy was worthless, and further found that there was no such fraud, concealment or misrepresentation on Kelley's part in procuring the second policy of insurance as to evidence bad faith. However, the trial court concluded that the taking out of the second policy served, as a matter of law, to invalidate the first policy.

The American policy contained the following provisions:

"If the co-insurance clause is not applied, no other fire insurance is permitted unless the total amount, including this policy, on each item is inserted in the blanks which follow; Item No. 1, $3,000.00; Item 2, $500.00."

And:

"Unless otherwise provided in writing added hereto, this company shall not be liable for loss accruing * * * (a) while the hazard is increased by any means within the knowledge or control of the insured, provided such increase in hazard is not usual and incidental to the occupancy as hereon described * * * (e) While any other stipulation or condition of this policy is being violated."

Since both policies were drawn according to the Texas standard form, identical provisions are to be found in the Home policy.

Formerly the Texas standard fire insurance policy form included the following provision:

"This entire policy unless otherwise provided by an agreement endorsed hereon or added hereto shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

It is conceded that the violation of this stipulation rendered each of these policies void and barred recovery by the assured. British-American Assurance Co. v. Mid-Continent Life Insurance Co., Texas Com. App., 37 S.W. 2d 743, 744. At some time prior to the effective date of the two policies here under consideration, the Texas standard form was amended to eliminate the foregoing provision and particularly the phrase "whether valid or not" and the concurrent insurance clause now reads as set forth in these policies. No decision of our appellate courts discussing this presently effective clause has been cited nor has our search revealed any.

The Court of Civil Appeals in allowing recovery in this case predicated its holding upon the theory that the insured did not obligate himself nor contract not to apply for or obtain an invalid unenforceable policy. That no valid enforceable additional insurance was obtained by the respondent and since the policy provision does not now expressly preclude additional insurance "whether valid or not" the Texas decision such as British-

American Assurance Co. v. Mid-Continent Life Insurance Co., supra, does not control and the rule therein announced does not apply.

There can be no doubt but that under the facts here the Home policy was unenforceable at the time of the fire. It had never acquired any validity. A valid prior policy was in existence on the property when the Home policy was issued. Home received no notice of this policy and acquired no knowledge of its existence until subsequent to the fire and naturally there was no claim of waiver plead or proved. Appleman states the rule as follows:

"Where two concurrent policies on the same property, issued at different dates, both contain clauses making them void in case other insurance is taken out on the property, the first policy makes the second void."[1]

Petitioner argues that the elimination of the "whether valid or not" provision does not operate to change the rule. It relies on the following cases: Mechanics & Traders Ins. Co. v. Dalton, 189 S.W. 771 (1916); Home Ins. Co. v. Collins, 55 S.W. 2d 898 (1932); Occidental Fire Ins. Co. v. Fort Worth Grain & Elevator Co., 294 S.W. 953 (1927). In quoting the policy provisions, those decisions make no mention of the "valid or not" provision but they do set forth the rule as stated in Mechanics & Traders Ins. Co. v. Dalton that "a clause in an insurance policy forbidding concurrent insurance in excess of the amount allowed is a promissory warranty, a breach of which in the absence of a waiver or estoppel, will avoid the policy." However, a review of the authorities relied upon by these decisions, as well as those cited in British-American Assurance Co. v. Mid-Continent Life Ins. Co., supra, indicates rather clearly that the "valid or not" provision has been continuously incorporated in Texas fire insurance policies for many years, and was so incorporated in these cases relied on by petitioner. Those decisions must be considered in that light.

In some, but by no means in all, jurisdictions the inclusion of the phrase "whether valid or not" is to make an important distinction in testing the liability of the first insurer. While the decision in this case by the Court of Civil Appeals may be novel in Texas, as claimed by petitioner, it is not so as far as decided cases are concerned elsewhere. Authorities assert the majority rule to be that in order to avoid a prior policy, the subsequent

1.—Appleman's Insurance Law and Practice, Vol. 5, Sec. 3060, p. 196.

and additional insurance must be complete, valid, and enforceable.[2] The distinction is clearly drawn in Wilson et al v. Aetna Insurance Co., 12 Texas Civ. App., 512, 33 S.W. 1085, 1087, (1896), where the court, after quoting that rule and noting the cited decisions, expressed the opinion: "These authorities all sustain the proposition announced in the text, and no fault can be found with it. It is certainly the law; but it does not apply to the facts of this case. It applies to 'other insurance,' not 'other insurance, valid or not.' The condition in the policy before us was, doubtless, intended to meet the very principle held in the foregoing authorities." Among the decisions in other states adhering to the rule that to avoid a prior policy the additional insurance must be valid and enforceable are: Kossmehl v. Miller National Insurance Co., 238 Mo. App. 671, 185 S.W. 2d 293; Cox v. Home Insurance Co., 231 Mo. 10, 52 S.W. 2d 872; Cornett v. Farmers Mutual Fire Insurance Ass'n, 208 Iowa 450, 224 N.W. 524; Hubbard & Spencer v. Hartford Fire Insurance Co., 33 Iowa 330, 11 Am. Rep. 125; DeShields v. Insurance Company of North America (1923), 125 S.C. 457, 118 S.E. 817.

There are well-recognized authorities holding to the contrary, and in this category are to be found the following: Hunter v. United States F. & G. (1956), (Fla.) 86 So. 2d 421; Oates v. Continental Insurance Co., (1952), 137 W. Va. 501, 72 S.E. 2d 886; Aetna Insurance Co. v. Jeremiah, 187 F. 2d 95, 97.

We do not understand, however, that those decisions making the first policy void, irrespective of whether the second policy is enforceable or not, hold that additional insurance applied for and issued *ipso facto* renders the first insurer not liable. In Aetna Insurance Co. v. Jeremiah, supra, the court expressly refused to so rule, noting that Jeremiah did not deny having full knowledge of the existence of both policies and that it could not be said that at the time of his loss he did not know that he had the two policies on the same property. Again, in Hunter v. U. S. F. & G., supra, the insured was equally aware of the existence of both policies and testified that he thought fire insurance was similar to life insurance, that the more he had the easier it would be to collect. In Oates v. Continental, plaintiff prosecuted suit against both insurers to a verdict in the trial court.

All authorities agree generally that the holding of non-liability in such a case is based on the recognition of the right of

2.—Appleman, Insurance Law and Practice, Vol. 5, Sec. 3060; 45 C.J.S., Insurance, Sec. 573, p. 364; 29 Am. Jur., Insurance Secs. 736, 737.

the insurer to guard against the increase of hazard from over-insurance that would tend to diminish normal vigilance in the protection of property and afford, in some cases, the incentive to financial gain by its destruction. Under the facts in our case, as found by the trial court, the issuance of the second policy did not increase the risk hazard assumed by the petitioner. The trial court believed respondent's testimony that he had overheard a conversation to the effect that "American insurance was no good," and that in good faith, relying on this information and thinking it to be true, he sought to protect his property by taking out the second policy in the Home Company though he was able to obtain only half as much insurance on his dwelling as was provided in the first policy. It is a reasonable deduction from the facts so found that Kelley believed that in truth he had no insurance on his home at the time he applied for the Home policy, and that if his home should burn he would have no protection. His story cannot be said to be incredible, and it must be considered by us at its face value. Therefore, to hold with the petitioner in this case would be to say that no matter how innocent or how badly mistaken a person might be, and no matter how trustworthy he thought the information to be upon which he relied, in every case where the insured has applied for and has been issued a second policy, both policies are unenforceable and neither company is liable. And this result would be reached even through the issuance of the second policy in fact did not increase the risk hazard.

We decline to enforce such a rule that we think would be arbitrary, harsh, unreasonable, and inequitable. If the risk hazard has not been increased, the insurer can have no complaint.

In the most recent Texas case cited by petitioner, Home Insurance Co. v. Collins (1932), 55 S.W. 2d 898, where additional insurance was held to have been issued under such circumstances as would not invalidate the first policy, the court points out that the object on the limitation on concurrent insurance is to prevent the moral hazard that would arise from excessive insurance, but, as the insured was not aware of the existence of the second policy that had been taken out by the mortgagee, the moral hazard was not increased and the reason for the stipulation against other insurance ceased. We think in principle there is little difference between the facts of that case and those before us. In that case Collins was not aware that the mortgagee had taken out additional insurance on the property and was allowed recovery. In this case, Kelley believed on information he thought

reliable that in fact he had no effective policy at the time of his application for the second one. Where the reason for the limitation has ceased, the limitation ought to become ineffective.

As pointed out in American Insurance Co. v. Replogel, 114 Ind. 1, 15 N.E. 810, affirmed, 132 Ind 360, 31 N.E. 197, even if the insured mistakenly believes that the second policy is valid, the incentive and the increase in the risk is just as substantial as if the policy were valid. If the increase in the risk, then, is the only real basis for holding non-liability, it is somewhat difficult to justify the rationale in voiding liability on the first policy where the second is valid, and reaching a different result where the second is erroneously thought by the insured to be valid.

We are not to be understood, therefore, to go so far as to say that under any and all circumstances the application by the insured for and issuance to him of an invalid second policy will not necessarily void the first. We do not reach or pass upon that question. We do hold, however, that where the second policy is invalid, the first insurer is not to be relieved of liability where the insured, in applying for and obtaining the same, is laboring under such mistake of fact that the issuance of the second policy cannot be said to have increased the moral risk or the hazard of intentional damage or destruction. The Supreme Court of Alabama seems to hold to this view even in policies that contain the "valid or not" provision. Home Insurance Co. v. Shriner et al., 235 Ala. 165, 177 So. 890, 894, 114 A.L.R. 574.

Parenthetically, it may be noted, so far as the claimed increase of risk is concerned, that petitioner issued its policy without any inspection of the property or information as to its value, and if the evidence offered by it in connection with its defense of intentional burning is true, the property was considerably overinsured by the issuance of petitioner's policy alone.

Finally, petitioner says that its policy should be voided by reason of false representations made by the insured after the fire, namely that in the proof of loss submitted to it, the insured represented that "the total amount of insurance upon the property described by this policy was, at the time of the loss, $3,500." Petitioner says that this was false because of the application for and issuance of the Home policy. Actually, the statement was not false, but was true. The Home policy was unenforceable even though the insured may have thought it to be valid. In the proof of loss, the insured did not deny that he had applied for

another policy or that one had been issued to him. That question was not asked.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered April 15, 1959.

MR. JUSTICE CALVERT, joined by JUSTICE WALKER, concurring.

I concur in affirming the judgment of the Court of Civil Appeals and adopt the opinion of Chief Justice Chadick [316 S.W. 2d 453] on the main question discussed as representing my views.

Opinion delivered April 15, 1959.

MR. JUSTICE NORVELL, joined by JUSTICES GRIFFIN and HAMILTON, dissenting.

I would reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court for the reason that at the time the loss occurred the property was insured by two companies for an aggregate sum beyond the limits specified in the concurrent insurance clause of the policy sued upon.

The description of the property contained in the policy issued by American Insurance Company which is the basis of this suit was as follows:

Item No. 1, $3,000.00 on the one-story composition roof, frame building. Item No. 2, $500.00 on household goods contained in this dwelling.

Following this description is the clause providing that:

"[N]o other fire insurance is permitted unless the total amount, including this policy, on each item is inserted in the blanks which follow: Item No. 1 $3,000.00; 2 $500.00; 3$_____; 4 $_____; 5 $_____."

In the "Basic Conditions" of the policy under the subheading, "Conditions suspending or restricting insurance" it is provided that:

"[T]his Company shall not be liable for loss occurring * * *

while any other stipulation or condition of this policy is being violated."

This policy was issued to A. J. Kelley on August 18, 1956 and covered a period of one year.

On September 11, 1956 the Home Insurance Company issued a second policy to Kelley which also covered a period of one year. Item 1 of the description covered the same frame building as that described in the American policy while Item 2 covered household furnishings in the building. The amounts listed for the respective items were $1500.00 and $1000.00. This policy also contained a concurrent insurance clause in terms identical with that contained in the American policy except that no amounts were set forth in the five blank spaces appearing therein.

Likewise the Home policy contained a provision that the company would not be liable for loss occurring "while any other stipulation or condition of this policy is being violated."

On October 1, 1956 the property was destroyed by fire. At this time the clause contained in the American policy prohibiting other fire insurance upon the property was being violated. It follows that the company was not liable for the loss under the plain provisions of the insurance contract. There is no occasion for construing the contract nor is it necessary to refer to clauses contained in insurance contracts in use before the present form was promulgated.

The theory that the Home policy was void so that it could not constitute additional insurance within the concurrent insurance clause contained in the American policy is untenable because strictly and technically speaking, the Texas concurrent insurance clause does not render the second policy void. It is a suspending and not a nullifying provision. At any time within a year following September 1, 1956 it could have been rendered fully effective by cancelling the American policy. Likewise if at any time after the Home policy was issued, the American policy could be rendered enforceable (within its time limitations) by cancelling the Home policy. For example, had Kelley cancelled either of the policies on September 25, 1956 the other would have been valid and binding on October 1, 1956 when the fire occurred.

But perhaps the better approach to the problem is to in-

quire as to the purpose of the clause limiting concurrent or additional insurance. This provision or condition "is deemed reasonable and proper because the moral hazard should not be increased without the knowledge of the insurer. It is considered that not infrequently the motive for the preservation of property decreases as insurance mounts." Heldreth v. Federal Land Bank of Baltimore, 111 W. Va. 602, 163 S.E. 50; Oates v. Continental Ins. Co., 137 W. Va. 501, 72 S.E. 2d 886.

It is one thing to be involved in a $3,500.00 risk upon a particular property, but quite another to be involved in a $5,500.00 risk upon the same property. The American Insurance Company says that it agreed to insure Kelley's property for $3,500.00 and pay fire losses up to that amount provided the risk were not increased by his procuring additional insurance. And it is hardly an answer to its demand that this proviso be enforced, to say the Home Insurance will not have to pay;—that its policy was void. We would immediately encounter numerous anomalies and contradictions if we were to accept the theory that the Home policy is rendered void, not through some independent circumstance wholly disconnected from the existence of the American policy, but solely because of a provision contained in the Home policy itself, operating in connection with the American insurance. The danger of overinsurance lies in the mental attitude of the insured toward the property. This is true whether the overinsurance causes an unfavorable attitude or the overinsurance is the result of fraudulent design. In reflecting upon the insurance risk we may consider the meditative arsonist. When he insures the property which he intends to destroy with as many companies as possible, does he know or contemplate that all policies except the first will be void under their respective concurrent insurance clauses? May we safely rely upon this tenuous theory in saying that the risk of the first insurer was not increased by the procuring of the additional policies?

In my opinion we cannot. This may be an exceptional fact case. The trial court's findings indicate that Kelley was not motivated by bad faith. Yet the ruling here will control cases which arise in the future and we must consider the general or overall situation. Overinsurance followed by fire is an indicia of arson. The purpose of the concurrent insurance clause is to afford protection against an insured's design or temptation to burn the property or to fail to properly protect it from fire. It is a legitimate subject for contract as parties need not make their contractual rights depend upon whether a jury believes arson

or unlawful destruction of property has actually occurred. Such things are often difficult and sometimes impossible to prove.

In Hunter v. United States Fidelity & Guaranty Co., (Fla.), 86 So. 2d 421, the Supreme Court of Florida considered a clause which is very similar to the Texas concurrent insurance clause now in use, viz:

"Total insurance (Applies to Fire and Lightning Insurance only)—Other fire insurance is prohibited unless the total amount of fire insurance, including the amount of this policy, is inserted in the blanks provided on the first page of this policy under the caption Total Insurance. This Company shall not be liable for loss while the Insured shall have any other fire insurance prohibited by this policy."

The Florida Court said:

"In the instant case the contracts were clear and unambiguous, and the assured agreed that he would take out no additional insurance. It was on this condition that the insurer assumed the responsibility of the insurance."

I would follow such ruling. Graham v. American Eagle Fire Ins. Co., 4 Cir., 182 F. 2d 500, Aetna Ins. Co. v. Jeremiah, 10 Cir., 187 F. 2d 95. This is a contract case and the trial court properly treated it as such despite his findings absolving Kelley of improper motives in procuring the Home insurance. The holding of the majority to my mind destroys the effectiveness of the concurrent insurance clause and thus removed a legitimate provision from the insurance contract. Accordingly I respectfully dissent from the order affirming the judgment of the Court of Civil Appeals.

Opinion delivered April 15, 1959.

### ON MOTION FOR REHEARING

MR. JUSTICE CULVER delivered the opinion of the Court.

In its motion for rehearing petitioner interprets our opinion as holding that the second policy, namely that issued by The Home Insurance Company, was "invalid and void from its inception." We did not so conclude. We used the term "invalid" in the sense of "unenforceable." We do not hold that the Home policy was void ab initio nor that if the American policy had

lapsed or been cancelled prior to the loss that recovery could not have been had upon the Home policy. We do hold that inasmuch as there was a prior valid policy issued by American that no recovery could have been enforced against Home Insurance Company on its policy issued subsequently and while the American policy was in force and effect.

Petitioner's motion is overruled.

Opinion delivered June 24, 1959.

Second motion for rehearing overruled July 22, 1959.