**NATIONAL UNION FIRE INSURANCE COMPANY, Appellant,**

v.

**CANADIAN FIRE INSURANCE COMPANY, Appellee.**

No. 4014.

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

Rehearing Denied Dec. 17, 1965.

Bryan & Patton, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tom Connally, Houston, for appellee.

GRISSOM, Chief Justice.

In November, 1958, Canadian Fire Insurance Company issued an insurance policy to Armstrong as owner of a dwelling and household goods, insuring the building for $6,500.00 and the household goods for $3,000.00 against loss by fire. In September, 1960, National Union Fire Insurance Company issued a fire insurance policy to A. J. Bogatto, Jr., as owner, insuring the same property for $8,000.00. In December, 1960, Canadian cancelled the policy it had issued to Armstrong in 1958, because he failed to pay the premium when it became due. On January 23, 1961, Canadian issued to Bogatto a fire insurance policy on the same property for $6,500.00. Canadian did not then know of the policy National had issued to Bogatto.

On February 20, 1961, the insured property was destroyed by fire. Bogatto gave notice of loss to both companies and demanded payment. National contended that Bogatto's loss should be prorated between said companies in accordance with the pro rata liability clauses in the two last mentioned policies. Canadian contended it was not liable to Bogatto because (1) the policy it had issued to Armstrong had been cancelled in accordance with its terms before the fire and (2), before it issued a policy to Bogatto, National had issued its policy to Bogatto and National's policy was in effect then and at the time of the fire. Canadian contended that the policy it issued to Bogatto was not in effect at the time of the fire. Said companies settled with Bogatto in accord with the pro rata liability provision in the last two policies with the agreement that Canadian might sue National and, if it should be determined that Canadian was not liable to Bogatto, National would pay Canadian the $3,586.21 it paid Bogatto.

Canadian brought this suit against National to recover the $3,586.21 it paid Bogatto. The facts stated were established by the affidavits and depositions of Bogatto and Mrs. Bruce, the agent of Canadian.

The court rendered summary judgment for Canadian against National for the amount Canadian had paid Bogatto. National has appealed.

We must determine whether National is obligated to pay the entire loss or whether it should be prorated between the companies. The precise question presented is whether the apportionment clause in the "148–S PLF Form" is applicable here. We hold that it is not.

National's points are that (1) the court erred in rendering summary judgment for Canadian because the policies provided that the loss should be apportioned and Bogatto has been fully compensated on the basis of their pro rata liability, and National is, therefore, not liable to Canadian for the amount it paid Bogatto. National also says (2) there were disputed fact issues material to Canadian's recovery and that (3) Canadian's motion for a summary judgment did not comply with Texas Rules of Civil Procedure 166–A.

Canadian's first counterpoint is that the court did not err in rendering summary judgment for it because, under the undisputed facts, neither of Canadian's policies was in force at the time of the fire. During the time covered by the policy Canadian issued to Armstrong, that is, in June, 1960, Armstrong sold the insured property to Bogatto. Armstrong was thereby deprived of an insurable interest in the property and the sale without notice to Canadian constituted a material breach of the basic conditions of Canadian's policy, making its first policy no longer effective. The condition breached by Armstrong's sale of the insured property provided that Canadian should not be liable for any loss (d) after a change in ownership of the insured property or (e) while any other provision or condition of said policy was being violated. As a result of said breach, Canadian's first policy was not in force after Armstrong's sale to Bogatto. Furthermore, before the fire that policy was cancelled for failure to pay the premium. In September, 1960, National issued a policy on the same property to Bogatto in an amount different from that fixed in Canadian's policies. National's policy became effective when it was issued because Canadian's first policy was not then in force because of its provision terminating the policy upon such a change in ownership. On December 19, 1960, Canadian's agent, Mrs. Bruce, not knowing of the sale of the insured property by Armstrong to Bogatto, cancelled Canadian's first policy for nonpayment of the premium. In January 1961, Mrs. Bruce learned of the sale of the insured property by Armstrong to Bogatto. She then asked Bogatto to let her write a policy for him on said property. Bogatto, forgetting about National's policy, did not inform Mrs. Bruce of its existence and, on January 21, 1961, Canadian issued its policy to Bogatto for $6,500.00. When Bogatto purchased the policy from Canadian and failed to advise it of the existence of National's policy he breached the provision of the coinsurance clause in Canadian's policy to the effect that, unless the total amount of insurance on each item was inserted in certain blanks, which was not done, no other insurance was permitted. Canadian's second policy also contained said "basic conditions" suspending insurance while any condition of said policy was being violated. By Bogatto's failure to advise Canadian of his pre-existing National policy, Bogatto failed to comply with the coinsurance clause in his Canadian policy rendering it unenforceable from its inception.

For the reasons stated, Canadian's first policy became ineffective upon the issuance of National's policy. Under the holding of our Supreme Court in American Insurance Company v. Kelley, 160 Tex. 71, 325 S.W.2d 370, National's policy being in effect when Canadian's second policy was issued to Bogatto, no recovery could be had against Canadian on its second policy. National seeks to distinguish this case from the Kelley case by relying on the apportionment clause in Section VI of the "148–S Physical Loss Form" endorsement,

which clause was not involved in the Kelley case. That contention cannot be sustained because the purpose clause of said endorsement makes it clear that it was intended only to extend coverage to physical loss in addition to that caused by fire. It was not intended to affect the coinsurance provision or basic conditions in Canadian's second policy. Said endorsement modifies the insurance agreement only to extend coverage from loss by fire to all physical loss.

We conclude that the apportionment clause relied upon by National, found in said "Physical Loss Form" endorsement, is inapplicable and that it does not make the rule of the Kelley case inapplicable here. We conclude there was no issue of fact as to Mrs. Bruce's knowledge of change in ownership of the insured property at material times; that there was no genuine issue as to any material fact and that the only question for determination by the trial court was one of law. Canadian's policy issued to Bogatto was not a renewal of Armstrong's policy. It was a different contract between different parties.

All of appellant's points have been considered and are overruled. The judgment is affirmed.