**Raymond GUNN, Individually, as Next Friend for Christopher Gunn, A Minor, Appellant,**

v.

**AETNA LIFE AND CASUALTY COMPANY, Appellee.**

No. 20737.

Court of Civil Appeals of Texas, Dallas.

June 29, 1981.

Rehearing Denied Aug. 12, 1981.

Stephen C. Porter, McMullen & Porter, Dallas, for appellant.

Woodfin C. Henderson, Frisco, for appellee.

Before AKIN, ROBERTSON and STOREY, JJ.

STOREY, Justice.

Raymond Gunn sued Aetna Life and Casualty Company to recover benefits under two group life insurance policies. Both parties moved for summary judgment upon stipulated facts. The trial court granted the insurer's motion on the ground that the deceased employee had not qualified for coverage on the date of her death. We reverse the judgment of the trial court and render judgment for the insured with respect to coverage, and remand the case for determination of attorney's fees.

The question for decision is whether there is ambiguity in the limitation provision of the policy, which reads:

Each employee ... shall become eligible for Employee Coverage on the date on which he completes three months of continuous service.

 The plain language of an insurance policy will be given effect when the parties' intent may be determined from the language used. However, when the language is ambiguous, that is, when it is subject to two or more reasonable interpretations, then that construction which affords coverage will be controlling. This is so even though the construction sought by the insurer appears to be more reasonable, or a more accurate reflection of the parties' intent. *Glover v. National Insurance Underwriters*, 545 S.W.2d 755 (Tex.1977); *see also American Insurance Co. v. Kelley*, 160 Tex. 71, 325 S.W.2d 370, 373 (1959). A contract is ambiguous when, after applying established rules of interpretation, it remains reasonably susceptible to more than one meaning. *Universal C. I. T. Credit Corporation v. Daniel*, 150 Tex. 513, 243 S.W.2d 154, 157 (Tex.1951).

 We have concluded that an ambiguity exists in the quoted policy provision, because it is not ascertainable from the language used the meaning to be given the word "service." The insured contends that service began on September 3, 1976, the date the deceased signed a contract of employment. The insurer, on the other hand, contends that service did not begin until September 7, 1976, the first day of paid

compensation. These dates are critical because the insured died on December 6, 1976, as the result of an automobile accident. If service commenced on September 3, the insured had completed three months of continuous service; but, if service commenced on September 7, the three months continuous service requirement had not been met.

The contending positions of the parties are clearly defined by their stipulations. It is stipulated that the deceased was in the continuous service of the employer until her death on December 6. However, the parties also agree that "should it be determined that [the deceased] commenced continuous service on September 3, 1976, ..." she would be covered; but "should it be determined that [the deceased] commenced continuous service on September 7, 1976, ..." she would not be covered.

Further stipulations reveal that the deceased made application for employment in August 1976, came in for final interview and was accepted for employment on September 2, was then sent for a physical examination, and on September 3 signed the employment contract. The first day of paid compensation was September 7. We take notice of the fact that September 4, 1976, fell on Saturday, September 5, on Sunday, and September 6, a Monday, was Labor Day. These were apparently non-working days.

The answer to our question requires an analysis of the policy provision and its applicability to the stipulated facts. We are persuaded that the term "service" in the context used should not necessarily be given the restricted meaning urged by the insurer, that is, that service began upon actual performance by the deceased of her assigned work tasks. Rather the term may be as reasonably construed to mean "in the service of" the employer. That is so because the employment contract, signed on September 3, imposed certain duties upon the deceased whether or not she ever thereafter performed her work tasks. For example, she became obligated to assign to the employer any inventions or improve-

ments conceived by her during or after her employment. She was also prohibited from competing with the employer and from disclosing any of its procedures.

We cannot agree with the insurer that the only reasonable construction of the policy provision is that service commenced on the first day of paid compensation. When analyzed in light of the foregoing facts, it is not unreasonable to read "continuous service" as commencing on the date the deceased signed the employment contract. Because we have determined that the policy provision is ambiguous and the construction urged by the insured is not itself unreasonable, we are bound to conclude that employment commenced on September 3, 1976. Consequently, on December 6, 1976, the date of her death, the employee had fulfilled the eligibility requirement of three months continuous service, and was therefore covered under the terms of the policy.

Accordingly, we reverse and render judgment in favor of the insured with respect to the policy proceeds, and remand for the purpose of determining attorney's fees allowable to the insured.

Reversed and rendered in part, and reversed and remanded in part.